# STATE OF MICHIGAN

# COURT OF APPEALS

In re S. E. Nash, Minor.

UNPUBLISHED
February 12, 2015

No. 322398
Wayne Circuit Court
Family Division
LC No. 12-510224-NA

Before: CAVANAGH, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to a minor child pursuant to MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist and no reasonable likelihood conditions will be rectified within a reasonable time), (g) (failure to provide proper care or custody and no reasonable expectation parent will provide proper care and custody within a reasonable time), and (j) (reasonable likelihood that children will be harmed if returned to parent).[1]  We affirm.

Respondent first argues on appeal the absence of clear and convincing evidence supporting termination of her parental rights.  A trial court's findings that a ground for termination has been established and its findings regarding the child's best interests are reviewed under the clearly erroneous standard.  MCR 3.977(K); *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000).  A finding is clearly erroneous if, although there may be evidence to support it, this Court is left with a definite and firm conviction that a mistake was made.  *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).  To be clearly erroneous, a decision must be more

---

[1] Petitioner Department of Human Services concedes on appeal that there were not grounds for termination of respondent's parental rights under MCL 712A.19b(3)(c)(*ii*) (other conditions exist that cause child to come within court's jurisdiction and no reasonable likelihood conditions will be rectified within a reasonable time).  Insofar as the trial court included MCL 712A.19b(3)(c)(*ii*) as a basis for termination, it was harmless error; indeed, erroneous termination of parental rights under one statutory ground for termination is harmless error if the court properly found another ground for termination. *In re Powers*, 244 Mich App 111, 118; 624 NW2d 472 (2000).  As discussed *infra*, the trial court properly found other grounds for termination of respondent's parental rights.

than maybe or probably wrong. *In re Sours*, 459 Mich 624, 633; 593 NW2d 520 (1999); *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009). Further, regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it. MCR 2.613(C); *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

A court may terminate an individual's parental rights to a child if a statutory ground for termination listed in MCL 712A.19b(3) has been proven by clear and convincing evidence. *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012).

In the present case, the trial court did not clearly err in terminating respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j). Those subsections provide that termination is warranted if:

> (c)  The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> > (*i*)  The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.
>
> \* \* \*
>
> (g)  The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.
>
> \* \* \*
>
> (j)  There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Clear and convincing evidence supported termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*). The determination of what constitutes a "reasonable time" properly includes both how long it will take for the parent to improve conditions and how long the child can wait for the improvement. *In re Dahms*, 187 Mich App 644, 647-648; 468 NW2d 315 (1991).

DHS filed the petition in November 2012. The petition and adjudication were based on respondent's substance abuse and diagnosed mental health issues. Respondent had over a year to demonstrate that she benefitted from services aimed at eliminating the conditions that led to the adjudication. While respondent completed parenting classes, had minimally appropriate housing, and received legal income through social security benefits, she failed to pass two-thirds of her drug screens. Respondent claimed to have quit using illegal drugs, but she admitted that she did not show up for numerous drug tests after the time that she claimed she quit, explaining

that she knew she would test positive. Respondent also testified about her belief that she needed medication to treat her mental health issues, but she had refused to take prescribed medication at times during the case. A mental health care provider had indicated to the foster care worker that respondent was not truly committed to becoming mentally stable. There was also evidence that respondent was involved in physical altercations, despite anger management and other therapy. Respondent never demonstrated enough improvement such that she would be allowed unsupervised visits with the child.

Overall, the evidence showed that, despite the passage of 15 months between the filing of the petition and the start of the termination hearing, respondent did not sufficiently comply with and benefit from court-ordered requirements concerning substance abuse and her mental health. The same concerns that led to the original petition were still present. Respondent admitted that she needed more time to demonstrate compliance with services. The trial court did not err in finding clear and convincing evidence that respondent would not cure the conditions that led to the adjudication within a reasonable time considering the child's young age.

The trial court also did not err in finding clear and convincing evidence supporting termination of parental rights under MCL 712A.19b(3)(g) and (j). The same evidence discussed above, which suggested that respondent could not provide proper care and custody for the child within a reasonable time, supports such a finding. Respondent had a lengthy period of time but failed to demonstrate that she could provide a safe custodial environment. The child was in need of permanency. Evidence that respondent did not benefit from services concerning her substance abuse and mental health issues suggested a real risk that the child would be harmed if returned to respondent's care.

Respondent also argues that the trial court committed clear error in finding that termination of her parental rights was in the child's best interests. In the event that a trial court finds one or more grounds for termination under MCL 712A.19b(3), the court shall order termination of an individual's parental rights if such termination is in the child's best interests. MCL 712A.19b(5). Whether termination of parental rights is in the best interests of a child must be proved by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). In determining whether termination is in the child's best interests, the court may consider the parent's history, psychological evaluation, and parenting techniques during parenting time; family bonding; the parent's participation in the treatment program; the foster care environment; the potential for adoption; and the parent's continued involvement in situations involving domestic violence. *In re Jones*, 286 Mich App 126, 131; 777 NW2d 728 (2009); *In re BZ*, 264 Mich App 286, 301; 690 NW2d 505 (2004); *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001). A court may also consider the child's need for permanency, stability, and finality. *In re Olive/Metts*, 297 Mich App at 42.

The trial court did not clearly err in finding that termination of respondent's parental rights was in the child's best interests. The evidence demonstrated that respondent did not sufficiently benefit from required services. She had numerous positive drug tests and refused to take necessary medication during the case. She was involved in physical altercations. Respondent attended most visitations with the child, but never showed sufficient improvement to graduate to unsupervised visits. Evidence suggested that there was little bond between respondent and the child. At the same time, the family members with whom the child was

placed indicated interest in providing long-term care for the child, including an interest in providing her with stability and permanency through adoption.

Insofar as respondent argues that the trial court failed to consider the child's placement with relatives and whether guardianship was a viable option, the trial court stated on the record and in its termination order that it considered these issues. The fact that a child is being cared for by a relative at the time of termination proceedings does not bar termination of parental rights. See, e.g., MCL 712A.19a(6)(a) (a trial court is not *required* to, but by inference it *may*, order the initiation of termination proceedings in certain circumstances when a child is being cared for by relatives). The trial court did not err in considering guardianship versus adoption for this very young child and ultimately favoring the permanency that adoption establishes.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro