*In re* JONES

Docket No. 290194. Submitted August 5, 2009, at Grand Rapids. Decided
October 27, 2009, at 9:15 a.m.

The Department of Human Services petitioned the Kent Circuit
Court, Family Division, for an order terminating the parental
rights of Jasmine J. McCoy and Michael A. Jones, Sr., to their
minor child. The court, Daniel V. Zemaitis, J., entered an order
terminating McCoy's parental rights pursuant to MCL
712A.19b(3)(*l*), which states that the court may terminate a
parent's parental rights if it finds by clear and convincing evidence
that the "parent's rights to another child were terminated as a
result of proceedings under [MCL 712A.2(b)] or a similar law of
another state." McCoy appealed.

The Court of Appeals *held*:

1. The trial court erred by basing its termination order on
MCL 712A.19(3)(*l*) because, although McCoy's parental rights to
another child had been terminated previously, the termination was
not as a result of proceedings under MCL 712A.2(b) of the juvenile
code but was a voluntary termination under the Adoption Code,
MCL 710.21 *et seq.*, that occurred after proceedings under MCL
712A.2(b) had been initiated to terminate McCoy's parental rights
to that child. The error was harmless, however, because termination of McCoy's parental rights under MCL 712A.19b(3)(m) was
fully justified. That statute provides that parental rights may be
terminated where the "parent's rights to another child were
voluntarily terminated following the initiation of proceedings
under [MCL 712A.2(b)] or a similar law of another state."

2. The trial court did not clearly err by determining that
termination of McCoy's parental rights was in the child's best
interests.

Affirmed.

*Lori L. Canfield* for Jasmine Jouvaughn McCoy.

Before: OWENS, P.J., and TALBOT and GLEICHER, JJ.

OWENS, P.J. Respondent mother, Jasmine McCoy, appeals as of right the trial court's order terminating her parental rights to her minor son pursuant to MCL 712A.19b(3)(*l*). We affirm.

Respondent does not formally challenge that sufficient evidence supported the grounds for termination, but nevertheless asserts her unwillingness to concede that a statutory basis for termination exists. Although respondent has failed to properly bring this issue to our attention and has not briefed its merits, we elect to consider it because the record is factually sufficient. *Van Buren Charter Twp v Garter Belt, Inc*, 258 Mich App 594, 632; 673 NW2d 111 (2003).

We first consider the statutory ground found by the trial court to warrant termination of respondent's parental rights to her son. The trial court terminated respondent's parental rights pursuant to MCL 712A.19b(3)(*l*), which states: "The parent's rights to another child were terminated as a result of proceedings under section 2(b) of this chapter or a similar law of another state." While it is true that respondent's parental rights to her daughter were previously terminated, the termination was not "as a result of proceedings under section 2(b) of this chapter . . . ." Proceedings under MCL 712A.2(b) had been initiated regarding respondent's daughter, respondent's daughter had been made a temporary ward of the court following adjudication, and a supplemental petition seeking termination of respondent's and the father's parental rights was filed. Facing possible involuntary termination of their rights as requested in that petition, respondent and the father instead voluntarily released the child to the Department of Human Services under the Michigan Adoption Code, MCL 710.21 *et seq.*, on June 20, 2007. Their rights were then terminated under the Adoption

Code and their daughter was committed to the Department of Human Services, all on June 20, 2007. Following that termination, the court on July 3, 2007, attempted to again terminate their rights to their daughter, make the child a permanent ward of the court, and commit the child to the Department of Human Services, this time under the Michigan juvenile code, MCL 712A.1 *et seq.*, giving as the legal reason the parents' voluntary release of their parental rights to her under the Adoption Code. That attempted termination under the juvenile code was without effect and was clearly improper, because the parents no longer possessed any parental rights that could be terminated. Their parental rights had previously been terminated under the Adoption Code, a completely separate statutory proceeding from a termination under the juvenile code. Once a parent voluntarily releases his or her child to the Department of Human Services or to a child placement agency under the Adoption Code, and the release is accepted by the court, and the court enters an order terminating that parent's rights to the child, that parent no longer has any parental rights subject to termination under the juvenile code.

In the case before us, respondent's parental rights to her son were terminated under MCL 712A.19b(3)(*l*), which only applies to a prior involuntary termination under the Michigan juvenile code or a similar law of another state. It does not apply to a voluntary termination under the Adoption Code. Because respondent's parental rights to her daughter were terminated voluntarily under the Adoption Code and because the subsequent attempted termination of her rights under the juvenile code was invalid and of no effect, the court clearly erred by terminating respondent's parental rights to her son under MCL 712A.19b(3)(*l*).

However, the court's error was harmless because termination was fully justified under MCL 712A.19b(3)(m), which states: "The parent's rights to another child were voluntarily terminated following the initiation of proceedings under section 2(b) of this chapter or a similar law of another state." The same judge had terminated respondent's parental rights to her prior child following the voluntary release of those rights under the Adoption Code, which release followed the initiation of proceedings under § 2(b) of the juvenile code. Because a court may take judicial notice of its own files and records, it is without question that termination of respondent's parental rights to her son would be fully justified under MCL 712A.19b(3)(m).

Respondent argues that termination of her parental rights was clearly not in the child's best interests. Under MCL 712A.19b(5), as amended by 2008 PA 199, effective July 11, 2008, once the court finds that a statutory ground for termination has been established, it shall order termination of parental rights if it finds "that termination of parental rights is in the child's best interests[.]" We review the trial court's best interests decision for clear error. MCR 3.977(J); *In re JK*, 468 Mich 202, 209; 661 NW2d 216 (2003).

Although there was evidence that respondent took some positive steps to address issues concerning anger and emotional control by attending anger management and other classes, a psychological evaluation revealed that respondent had not resolved those issues. Testimony also revealed that respondent failed to display appropriate parenting during parenting time, and that she continued to involve herself in situations of domestic violence. Because the child was removed from respondent's custody shortly after birth and was less than five months old at the time of the termination hearing,

respondent had not established a relationship with him. In light of this evidence, the trial court did not clearly err by determining that termination of respondent's parental rights was in the child's best interests.

Respondent also argues that the trial court improperly allowed Susan Blackburn, a program director at a foster care agency, to offer an opinion regarding the risk that a person infected with HIV (human immunodeficiency virus) could transmit it to another person. We disagree.

A trial court's evidentiary rulings in a child protection proceeding are reviewed for an abuse of discretion. *In re Utrera*, 281 Mich App 1, 15; 761 NW2d 253 (2008). "An abuse of discretion occurs when the trial court chooses an outcome that falls 'outside the range of principled outcomes.' " *Id.*, quoting *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007). The relevancy and admissibility of evidence depends on the purpose for which it is offered. See *People v Sabin (After Remand)*, 463 Mich 43, 56; 614 NW2d 888 (2000), and *People v Hackett*, 421 Mich 338, 362-363; 365 NW2d 120 (1984) (opinion by KAVANAGH, J.). Here, the testimony was permitted only to explain the basis for the witness's concerns about respondent's conduct of kissing the child on the mouth and "somewhat sucking on his bottom lip," which the witness believed could expose the child to "germs" and, if there were a "sore or something" in the mouths of both the child and respondent, could create a risk of HIV transmission. Furthermore, the trial court specifically indicated that it did not rely on the witness's testimony for a medical basis regarding the risk of HIV transmission, and instead only considered the testimony in light of "what's in the marketplace about this particular problem." Considering the limited purpose for which the testimony was

permitted and considered, the trial court did not abuse its discretion by allowing it.

Whether there was evidence to support the trial court's later finding that HIV is "transmitted by bodily fluids, one of which is significant kissing," presents a distinct question. The court's earlier statement that it was considering Blackburn's testimony in light of "what's in the marketplace about this particular problem" suggests a form of judicial notice. See MRE 201(b). We find it unnecessary to consider the basis for the trial court's finding, however, because it is clear from its best interests decision that any error with respect to this limited matter was harmless. MCR 2.613(A); *In re Utrera, supra* at 21. The record discloses that the trial court considered several factors in its assessment of the child's best interests, including respondent's past history, her unfavorable psychological evaluation, her inappropriate parenting techniques during parenting time, her continued involvement with domestic violence, and the young age of the child.

Affirmed.