# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* THOMAS, Minors.

UNPUBLISHED
February 12, 2015

No. 321924
Wayne Circuit Court
Family Division
LC No. 08-479593-NA

Before: FORT HOOD, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

Respondent, R. Thomas, appeals as of right the trial court's order terminating her parental rights to the minor children pursuant to MCL 712A.19b(3)(b)(*i*), (c)(*i*), (g), and (j). We affirm.

This case began in 2008, when two-week-old ST was taken into custody because respondent, who has a history of mental illness, was living in an unfit home without running water. ST was adjudicated a court ward and placed in foster care. Respondent was ordered to comply with a treatment plan, which was primarily focused on managing her mental illness and developing parenting skills. Respondent had notable periods of complying with her treatment plan requirements, but petitioner was concerned about her continued association with the child's father, D. Brown, who did not comply with his treatment plan.

Over the course of these proceedings, respondent gave birth to two more children, JT and DT. JT was placed in foster care weeks after his birth, but DT remained in respondent's custody until he was seven months old. The trial court, encouraged by respondent's compliance with her treatment plan, allowed respondent greater opportunities for unsupervised visitation, including overnight visits in her home. However, respondent was never able to progress to full reunification. In January 2012, respondent was involved in an altercation with her sister-in-law while the children were present in the home. Respondent pleaded guilty to attempted felonious assault and was sentenced to probation. In February 2012, respondent assaulted D. Brown with a pipe, allegedly because he refused to leave her home. Petitioner filed a supplemental petition to terminate respondent's parental rights in 2012, but the trial court declined to terminate respondent's parental rights to all three children.

The trial court continued to expand respondent's visitation, over petitioner's objections. In September 2013, the children were returned to respondent. In October 2013, ST presented at a hospital emergency room with a substantial bruise on the upper right side of her face. At least two physicians determined that the bruise was consistent with a strike by an adult hand, and inconsistent with respondent's explanation that a younger sibling hit the child with a toy. The

children were removed from respondent's care, and petitioner filed a supplemental petition to terminate respondent's parental rights. Following a hearing, the trial court terminated respondent's parental rights.

Respondent argues that the trial court erred in finding that a statutory ground for termination was established by clear and convincing evidence. We disagree.

In an action to terminate parental rights, the petitioner must prove by clear and convincing evidence that at least one statutory ground for termination in MCL 712A.19b(3) exists. MCR 3.977(A)(3) and (H)(3); *In re Trejo*, 462 Mich 341, 356; 612 NW2d 407 (2000). The trial court's decision is reviewed for clear error. MCR 3.977(K); *In re Trejo*, 462 Mich at 356. A finding is clearly erroneous when the reviewing court is left with the firm and definite conviction that a mistake was made. *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). "[T]his Court accords deference to the special opportunity of the trial court to judge the credibility of the witnesses." *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005); MCR 2.613(C).

The trial court terminated respondent's parental rights pursuant to MCL 712A.19b(3)(b)(*i*), (c)(*i*), (g), and (j), which authorize termination under the following circumstances:

(b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

(*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

* * *

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Initially, as petitioners note, respondent failed to address the trial court's determination that termination of her parental rights was justified under § 19b(3)(b)(*i*). Only one statutory ground for termination is required. MCL 712A.19b(3); *In re Olive/Metts*, 297 Mich App 35, 41; 823 NW2d 144 (2012). Where a respondent fails to address one or more statutory grounds, this Court may assume that the trial court did not err in finding that an unchallenged ground was proven by clear and convincing evidence. *In re JS & SM*, 231 Mich App 92, 98-99; 585 NW2d 326 (1998), overruled in part on other grounds by *In re Trejo*, 462 Mich at 353 n 10. Consequently, respondent's failure to address § 19b(3)(b)(*i*) precludes relief with respect to her argument challenging the existence of a statutory ground for termination.

Regardless, we conclude that the evidence supports the trial court's determination that termination of parental rights was warranted under § 19b(3)(b)(*i*). In regard to § 19b(3)(b)(*i*), petitioner presented expert testimony that the bruise on ST's face was most likely caused by a deliberate assault by an adult hand. Respondent's explanations for the bruise were inconsistent with the appearance of the bruise, and inconsistent with each other. The trial court did not clearly err in finding that respondent struck the child, and denied responsibility for the injury. Furthermore, considering that incident along with respondent's history of domestic violence, her January 2012 conviction for an assault against her sister-in-law, and her failure to benefit from years of services, the trial court did not clearly err in finding that it was reasonably likely that the children would suffer from injury or abuse in the foreseeable future if placed in respondent's home. Accordingly, the trial court did not clearly err in finding that termination was justified under § 19b(3)(b)(*i*). When one ground for termination is established by clear and convincing evidence, this Court need not address other grounds for termination. *In re Utrera*, 281 Mich App 1, 24; 761 NW2d 253 (2008). Thus, the trial court did not clearly err in finding that a statutory ground for termination was established by clear and convincing evidence

Respondent next argues that termination of her parental rights was not in the children's best interests. We disagree. Once a statutory ground for termination has been established, the court shall order termination of parental rights if it finds by a preponderance of the evidence "that termination of parental rights is in the child's best interests[.]" MCL 712A.19b(5); see also *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's best-interest decision is also reviewed for clear error. MCR 3.977(K); *In re Trejo*, 462 Mich at 356-357. In determining a child's best interests, the trial court may consider a variety of factors including the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home, *In re Olive/Metts*, 297 Mich App at 41-42, as well as a respondent's history, psychological evaluation, and parenting techniques. *In re Jones*, 286 Mich App 126, 131; 777 NW2d 728 (2009).

Respondent failed to provide adequate care for her children during the course of these proceedings, which spanned six years. While the court acknowledged that respondent loved her children, there was testimony that the children lacked an enduring attachment or bond with respondent. The children needed permanency, especially in light of testimony regarding the children's developmental delays, which respondent remained unable to provide. Termination of

respondent's parental rights would enable the children to achieve permanency. While the trial court commented that it would allow some form of post-termination contact between respondent and the children, given the trial court's finding regarding the physical abuse, any possible contact would likely require supervision. In finding that termination of parental rights was in the best interests of the children, the trial court concluded that the children's need for permanency and stability outweighed continued contact with respondent. Thus, we find no clear error in the trial court's decision.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Michael F. Gadola