# STATE OF MICHIGAN

# COURT OF APPEALS

In re VILLARREAL, Minors.

UNPUBLISHED
April 14, 2015

No. 324515
Bay Circuit Court
Family Division
LC No. 03-007921-NA

Before: OWENS, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to the minor children, DV and JV, pursuant to MCL 712A.19b(3)(c)(*i*) (failure to rectify conditions) and MCL 712A.19b(3)(g) (failure to provide proper care and custody). The parental rights of the children's legal father were also terminated. We affirm.

On appeal, respondent's only argument is that the trial court erred by finding that termination of her parental rights was in the children's best interests. Respondent argues that she should have been provided additional time to attempt to become a better parent. In finding termination of respondent's rights to be in the children's best interests, the trial court focused heavily on the children's need for permanence and stability and on the advantages of the children's placement with their maternal grandmother and step-grandfather. At the time of termination, the children had been out of respondent's care for more than a year and were thriving in their placement. We review the trial court's best-interest decision for clear error. *In re Jones*, 286 Mich App 126, 129; 777 NW2d 728 (2009). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). "[W]hether termination of parental rights is in the best interests of the child must be proven by a preponderance of the evidence." *In re Moss Minors*, 301 Mich App 76, 90; 836 NW2d 182 (2013). "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012)

(citations omitted). The trial court may also consider an unfavorable psychological evaluation, the child's age, continued involvement in domestic violence, and a parent's history. *In re Jones*, 286 Mich App at 131.

Respondent admitted that she had not been compliant with the case services plan in the months leading up to the termination hearing. She testified that the reasons for her non-compliance were that (1) she had been wrongfully accused of using drugs, (2) Katie Ofeno, a Department of Human Services (DHS) foster-care worker, had not helped her re-engage services, and (3) DV did not like to attend visitation at DHS.

Respondent completed a psychological evaluation, but failed to follow through with the recommended therapy. Nothing on the record indicates that respondent would be willing or able to maintain stability and sobriety for an extended period of time. Instead, the record shows that she had a substance abuse problem which she denied. She had left rehabilitation against the advice of staff, and failed to complete the program. She submitted to drug screens early in the case, but consistently tested positive for marijuana in spite of her claims that she was not using. She had numerous "no shows" to other drug screens, and she had diluted samples. Ofeno testified that respondent told her the reason she was not submitting to the drug screens was because she believed she could handle the issue on her own.

Respondent did complete a parenting class. However, based on her involvement with respondent, Ofeno expressed concern about respondent's ability to effectively parent the children. Ofeno believed respondent needed assistance with discipline, follow-through, engagement with the children, and knowing age-appropriate things to do with them. Ofeno was particularly concerned with the negative effect respondent had on the children when she would arrive late or leave early from visitation or attempt to visit when there was no scheduled visitation. Further, between July 2014 and October 2014, respondent failed to visit with the children at all, ostensibly because she did not want her visitation to occur at petitioner's facilities because of DV's dislike for visiting there. The record shows that respondent's behavior had a negative impact on DV, who was reportedly angry with respondent. Further, although the record indicates that JV was bonded with respondent, the same cannot be said of DV.

Respondent demonstrated further instability in her failure to secure adequate housing. In addition, respondent continued to engage in criminal behavior. During the pendency of the proceedings, domestic violence charges were filed against her after she struck her stepfather, and at the time of the termination hearing she was incarcerated on larceny charges stemming from the alleged theft of her mother's wedding rings.

On these facts, the trial court did not clearly err by finding that termination of respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Donald S. Owens
/s/ Kathleen Jansen
/s/ Christopher M. Murray