# STATE OF MICHIGAN

# COURT OF APPEALS

In re BAKER/CALLEJA, Minors.

UNPUBLISHED
January 19, 2016

No. 328192
Oakland Circuit Court
Family Division
LC No. 2013-809894-NA

Before: SAAD, P.J., and WILDER and MURRAY, JJ.

PER CURIAM.

Respondent appeals the trial court's order that terminated her parental rights to the minor children, BB and PC, pursuant to MCL 712A.19b(3)(c)(*i*) (conditions leading to adjudication continue to exist), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood of harm). For the reasons stated below, we affirm.

A trial court must terminate a respondent's parental rights if it finds that a statutory ground under MCL 712A.19b(3) has been established by clear and convincing evidence and that termination is in the children's best interests. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). While the statutory grounds must be proven by clear and convincing evidence, a finding that termination is in the child's best interests needs to only be supported by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 80, 90; 836 NW2d 182 (2013). Respondent does not contest the trial court's findings with respect to the statutory grounds for termination. Instead, respondent contends that the trial court erred in its best-interest determinations.

We review a court's best-interests determinations for clear error. *In re Jones*, 286 Mich App 126, 129; 777 NW2d 728 (2009). Factors to be considered include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). The court may also consider a parent's compliance with her case service plan, the parent's visitation history with the child, the child's well being while in care, and the young age of the child. *In re White*, 303 Mich App at 714; *In re Jones*, 286 Mich App at 131. Further, when multiple children are at issue, "the trial court has a duty to decide the best interests of each child individually." *In re Olive/Metts*, 297 Mich App at 42.

Here, the trial court did not clearly err in finding that termination of respondent's parental rights to each of the children was in their best interests. Both were doing well with their

placements. Importantly, respondent did not demonstrate the ability to properly care for them. There was no evidence respondent could financially support the children or provide them with independent housing. She repeatedly was not in compliance with her treatment plan. She also could not provide the children with a stable home environment because she continued to abuse substances, engaged in criminal activity, and had untreated mental health issues. It was in the children's best interests to be cared for by someone who could supply permanency and stability and meet the children's physical and emotional needs, but the evidence clearly indicated that respondent was not able to do so.

Respondent argues that BB's life was not improved by the termination of respondent's parental rights when adoption was not a consideration for him. She states that her relationship with BB could have been legally maintained while preserving his safety with a custody order for BB's father. Respondent also argues that BB wanted her in his life and that, given BB's strong bond with her, it was in his best interests for respondent's parental rights to remain intact. This claim is without merit. The court specifically considered that BB was placed with his father and noted the difficulty he was having with the situation because he loved his mother. The record shows that BB was devastated when respondent routinely did not show up for visits and did not understand why she did not call or write to him. He was in desperate need of permanency and consistency, and respondent's interference with that caused him emotional harm. While the record shows that BB was bonded with respondent and he longed for a relationship with her, it also shows that he was hurt and frustrated by her lack of consistency and availability with him. BB's need for emotional stability was more important than any bond they had. Accordingly, the trial court did not clearly err in finding that termination was in the best interests of BB.

Respondent also argues that nothing was accomplished through termination of her parental rights to PC because she was placed with relatives and not available for adoption while her father's parental rights remained intact. Respondent claims that her relationship could have been maintained with PC if PC was placed in a guardianship or eventually placed with her father. However, just because "other options" (other than termination) may have existed, they do not detract from the court's ultimate finding. As already discussed, the evidence established that respondent was incapable of adequately taking care of PC. In short, while PC's placement with a relative weighed against termination, *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010), this factor was far outweighed by respondent's transgressions and her failure to benefit from treatment plans. Accordingly, we conclude that the trial court did not clearly err in finding that termination was in the best interests of PC.

Affirmed.

/s/ Henry William Saad
/s/ Kurtis T. Wilder
/s/ Christopher M. Murray

-2-