# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* WILLIAMS/PAUL, Minors.

UNPUBLISHED
March 24, 2016

No. 328411
Wayne Circuit Court
Family Division
LC No. 12-505233-NA

Before: K. F. KELLY, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM.

Respondent mother appeals as of right the trial court's order terminating her parental rights to her two minor children, JW and ZP, under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), (g) (the parent, without regard to intent, fails to provide proper care and custody for the child), and (j) (there is a reasonable likelihood that the child will be harmed if returned to the home of the parent). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This case was initiated by petitioner in February 2012 when respondent and JW were found living in deplorable conditions under the care of respondent's mother. At the time, respondent was a minor and she was pregnant with her second child, ZP. Respondent told petitioner that she struggled with depression and bipolar disorder. Respondent and her children were made temporary wards of the state and placed in a mother/baby program where respondent was offered a variety of services. Respondent was not able to stay in that program due to multiple altercations with other residents and due to caseworkers' concerns regarding respondent's ability to supervise her children to the extent necessary to participate in the program. The children were subsequently placed in foster-care homes, and respondent entered a residential youth program. Respondent truanted from that placement, and her whereabouts were unknown until she reached the age of majority in November 2013. Respondent began participating in some services that petitioner offered and began planning for the children's return

-1-

to her care with the father of ZP. However, respondent experienced a setback in her progress after the father of ZP engaged in a physical altercation with her.[1]

On June 25, 2015, following a hearing, the trial court found grounds for termination under MCL 712A.19b(3)(c)(*i*), (g), and (j), and that termination was in the children's best interests. The trial court found that respondent's children were not her priority before she turned 18 years old, and she still struggled with anger issues. The trial court recognized that respondent was not provided with a good start in life, and while she had made some effort toward reunification, those efforts were not consistent. The trial court stated that the most damning fact in this case was that respondent missed so many parenting visits in 2015 because that does "terrible things to children." The court reasoned that if transportation had been a problem, respondent needed to have taken care of it. The court found that respondent's children were not her priority. The trial court found that respondent's home was far from suitable, but that she had had three years to find suitable housing. The court stated that while respondent had both psychiatric and individual therapy, these were not respondent's priorities.

In concluding that termination was in the children's best-interests, the trial court relied on a foster-care worker's testimony that the children would only be able to achieve permanency in their foster homes, which were planning for adoption. The trial court considered that transitioning homes would be difficult on a young child's brain development. The trial court found that the children recognized and loved respondent, but they also spent a lot of time with their foster parents. The trial court found that the children did not have relationships with biological extended family and both the paternal and maternal grandmothers were not suitable. The trial court emphasized that the children had been in foster care since February and April 2012, which was a lengthy period. The trial court reasoned that the long period attenuated the children's relationship to a parent and disrupts a relationship with a foster parent. The trial court ultimately concluded that termination of respondent's parental rights was in the children's best interests. This appeal ensued.

## II. ANALYSIS

Respondent argues that petitioner did not provide her with adequate reunification services.

"[W]hen a child is removed from the parents' custody, the petitioner is required to make reasonable efforts to rectify the conditions that caused the child's removal by adopting a service plan." *In re Fried*, 266 Mich App 535, 542; 702 NW2d 192 (2005), citing MCL 712A.18f(1), (2), and (4).

---

[1] The parental rights of ZP's biological father were terminated under MCL 712A.19b(3)(g) and (h), and the rights of JW's unknown father were terminated based on abandonment. This appeal does not involve the merits of those decisions.

Respondent argues that petitioner did not provide her with adequate housing services. However, the record shows otherwise. Specifically, when respondent was a minor, petitioner provided her the opportunity to participate in the mother/baby program, which provided housing and a variety of other services. Despite having been afforded the opportunity for suitable housing and an opportunity to develop parental skills, respondent's own behaviors caused her to be terminated from that program. See *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012).

Respondent further argues that her caseworker did not appropriately manage her individual therapy sessions and that the caseworker's demeanor, along with other service providers, was detrimental toward her efforts to reunite with her children. This argument is not supported by the record. Notably, respondent testified that she had already received a new caseworker on this basis before being assigned to her current caseworker, and the record supports that, at least at the beginning of this case, it was respondent who had a difficult time receiving instruction and constructive criticism.

Finally, respondent argues that petitioner did not reasonably investigate whether she had relatives with suitable homes for placement. Generally, a parent may "fulfill his [or her] duty to provide proper care and custody in the future by voluntarily granting legal custody to his [or her] relatives." *In re Mason*, 486 Mich 142, 163; 782 NW2d 747 (2010). However, respondent's argument does not relate to her ability to provide for her children's proper custody by placing them with suitable relatives. Rather, she argues that visitation at a relative's home would have changed the dynamic of the visitations, which would have fostered a stronger bond with her children. This argument lacks merit.

Contrary to respondent's argument on appeal, the record supports that the trial court did inquire about the availability of a relative. The trial court directed respondent to submit names of relatives and encouraged any relatives to step forward because the children had remained in foster care for a long period of time. In addition, testimony showed that the home of respondent's sister was investigated as a potential foster home, but it was found unsuitable. Respondent fails to articulate what more the trial court should have done to find a suitable relative. Similarly, respondent fails to articulate how visitation at a relative's home would have had any impact on her relationship with the children.

In short, the record supports that petitioner made reasonable efforts to reunify respondent with her children by providing her with services throughout the entire duration of this case, and respondent's contentions to the contrary lack merit.

Next, respondent argues that the trial court erred in finding statutory grounds for termination.

A trial court's conclusion that there exists a statutory basis to terminate a respondent's parental rights is reviewed for clear error. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed." *In re Campbell*, 170 Mich App 243, 253-254; 428 NW2d 347 (1988). In making that determination, "regard is to be given to the special opportunity of the

trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989); see also MCR 2.613(C).

A trial court's grounds for terminating parental rights under MCL 712A.19b must be established by clear and convincing evidence. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). Under MCL 712A.19b(3)(c)(*i*), termination is appropriate where "182 or more days have elapsed since the issuance of an initial dispositional order . . . [and] [t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." MCL 712A.19b(3)(c)(*i*).

In this case, the initial order of disposition occurred after JW was found living in deplorable conditions and respondent was pregnant with ZP. Respondent did not have food or clothing for JW and allowed her boyfriend to physically discipline the child. Petitioner provided respondent with three years' of services before termination, yet respondent failed to obtain suitable housing and a caseworker testified that she was not sure that the housing would be suitable within a reasonable amount of time. Respondent did not have any verified income and she missed numerous parenting visits with the children. Specifically, from January through July 2015, respondent missed 14 of 24 parenting visits and at times she slept during other visits. In addition, respondent's therapy was terminated on multiple occasions because respondent failed to contact the therapists. Furthermore, respondent stated that she did not need medication for her bi-polar disorder and was only taking the medication because of the court proceeding, but then indicated she would take the medication if a doctor instructed her to. Overall, the record showed that after a significant amount of time, respondent was not able to be consistent; she stayed in 12 different homes during the adjudication of the case and was repeatedly re-referred to services. Prior to that, respondent failed to complete the mother/baby program because of altercations and then she absconded from a juvenile youth program. On this record, the trial court did not clearly err in finding that 182 days had elapsed since the dispositional order and that "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." MCL 712A.19b(3)(c)(*i*).

Respondent argues that termination was improper because the trial court failed to appreciate that the conditions that led to the adjudication were the fault of her mother's negligence and respondent was a minor and temporary ward of the court herself for the first half of the adjudication. However, the record establishes that, throughout this case, the trial court fully appreciated that respondent was a minor when the child protective proceedings involving her own children began. Furthermore, "[t]he purpose of child protective proceedings is the protection of the child," *In re Brock*, 442 Mich 101, 107; 499 NW2d 752 (1993), and the court assumed jurisdiction over JW because he did not have clean and safe housing, and respondent had mental health and behavioral issues that were contributing to respondent's inability to provide a suitable home. Similarly, the court assumed jurisdiction over ZP because respondent admitted that she was wholly dependent on the resources provided by the mother/baby program. See generally *In re Sanders*, 495 Mich 394, 405; 852 NW2d 524 (2014). Considering respondent's progress toward rectifying the conditions that led to the adjudication from the point when she became a legal adult, there was no evidence that respondent was ever able to obtain suitable housing. And, as noted, a caseworker expressed doubt that respondent would be able to

bring her home to a suitable condition within a reasonable period of time given the amount of time that she had already had to make the minimally necessary repairs and failed to do so.

In summary, the trial court did not clearly err in concluding that MCL 7142A.19b(3)(c)(*i*) was met by clear and convincing evidence. Because there was sufficient evidence to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*), we need not address the remaining grounds for termination. *In re Trejo*, 462 Mich 341, 360; 612 NW2d 407 (2000).

Finally, respondent contends that the trial court erred in finding that termination was in the children's best interests.

If the trial court determines that clear and convincing evidence supports a statutory basis for the termination of parental rights, "it shall order termination of parental rights if it finds 'that termination of parental rights is in the child's best interests[.]'" *In re Jones*, 286 Mich App 126, 129; 777 NW2d 728 (2009), quoting MCL 712A.19b(5). A trial court's conclusion that terminating a respondent's parental rights is in the child's best interests is reviewed for clear error. *In re Olive/Metts Minors*, 297 Mich App at 40.

Although respondent had a bond with the children, JW had been in foster care for the majority of his life, ZP was never under respondent's care, and the children did not have bonds with extended family. A caseworker testified that the children would only achieve permanency in their foster homes and that adoption was likely. Moreover, a parent must establish that he or she can meet "irreducible minimum parental responsibilities," *In re Terry*, 240 Mich App 14, 28; 610 NW2d 563 (2000), and respondent did not demonstrate that she could provide the children with safe, suitable housing or that she had reliable income to provide the children with other basic needs. Under these circumstances and given the length of time the children have been in foster care, we are not left with a definite and firm conviction that the trial court clearly erred in concluding that termination of respondent's parental rights was in the children's best interests. *In re Olive/Metts Minors*, 297 Mich App at 40.

Affirmed.


/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ Stephen L. Borrello