*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* P.J. BUCK, Minor.

UNPUBLISHED
September 12, 2019

No. 347983
St. Clair Circuit Court
Family Division
LC No. 16-000289-NA

Before: JANSEN, P.J., and CAMERON and TUKEL, JJ.

PER CURIAM.

Respondent appeals the trial court's order terminating her parental rights to her minor son pursuant to MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), (c)(*ii*) (failure to rectify other conditions), (g) (failure to provide care and custody), and (j) (reasonable likelihood that the child will be harmed if returned to parent). We affirm.

Respondent in this matter has an extended history of substance abuse, which continued during her pregnancy with the minor child at issue in this appeal. When the minor child was born in July 2016, he tested positive for opiates and methadone and exhibited withdrawal symptoms. He required treatment for these symptoms and remained hospitalized for a period of time. On August 18, 2016, petitioner filed a petition for removal of the minor child from respondent's custody and requested that the trial court assume jurisdiction over him. On that same day, the trial court issued an ex parte order to take the minor child into temporary protective custody, and the minor child was placed with a foster family once he was released from the hospital.

After a combined adjudication and dispositional hearing on September 29, 2016, the trial court authorized the petition, assumed jurisdiction over the minor child, held that the minor child would remain a temporary ward of the state, and ordered respondent to participate in services. Initially, respondent's progress was poor. Specifically, her housing and employment were unstable, she continued to test positive for illegal substances, she missed drug tests, and she missed numerous parenting time visits. However, after petitioner indicated in May 2017 that it intended to file a petition for termination of respondent's parental rights, respondent entered an inpatient program and began making progress toward recovery. Petitioner ultimately revoked the termination petition because of respondent's progress.

After respondent completed the inpatient treatment program in June 2018 and made progress with finding housing, she was permitted to have unsupervised visitation with the minor child. It was reported that the visitations went well; and, on September 23, 2018, respondent had her first unsupervised overnight visit with the minor child. However, at some point that evening, one of respondent's neighbors found the minor child standing at her door in only a t-shirt and diaper. The minor child appeared to be upset. The neighbor tried to walk the minor child back to respondent's apartment, but he was crying uncontrollably and did not want to go back. Law enforcement was contacted.

At 5:05 p.m. on September 23, 2018, Trooper Jarod Chiros arrived at respondent's apartment complex. After hearing screaming coming from respondent's apartment, Trooper Chiros entered through the unlocked door and found respondent standing naked in her apartment with a blank look in her eyes. Respondent was alone in the apartment, had slurred speech, and could not coherently answer Trooper Chiros's questions. Although the minor child was not present in the apartment, respondent tried to convince Trooper Chiros that the minor child was in his crib and on the dining room floor. When asked what she had ingested, respondent told Trooper Chiros that she was not under the influence of any substances. Trooper Chiros contacted emergency medical services, and respondent was transported to the hospital. The minor child was returned to his foster home.

Trooper Chiros conducted an investigation. Two of respondent's neighbors reported to him that they heard chanting coming from inside respondent's apartment on September 22 and September 23, 2018. A different neighbor told Trooper Chiros that, around 1:00 p.m. on September 23, 2018, respondent came to his apartment door with the minor child and asked him to open a prescription pill bottle for her. According to that neighbor, respondent appeared "[o]ut of it," and her head appeared to be "on a bobble."

At the hospital, it was unable to be determined through a drug test what substances respondent had consumed. However, respondent's doctor ruled out a psychiatric issue and believed respondent's state was caused by substance abuse. When confronted, respondent provided inconsistent statements to multiple individuals concerning what substances she had ingested. As a result of respondent's conduct on September 23, 2018, she was charged with fourth-degree child abuse.

On October 8, 2018, a review hearing was held and evidence concerning the September 23, 2018 incident was presented. The trial court ultimately suspended respondent's parenting time. Petitioner filed a supplemental petition on November 2, 2018; and it sought termination of respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). The termination hearing was held on January 9, 2019 and January 15, 2019 before a referee, who issued recommended findings of fact and conclusions of law after the hearing was complete. The referee recommended that respondent's parental rights be terminated pursuant to all of the statutory grounds relied on by petitioner. In so recommending, the referee relied on respondent's substance abuse and the fact that she had placed the minor child in danger on September 23, 2018. In a February 1, 2019 opinion and order, the trial court adopted the referee's findings of fact and terminated respondent's parental rights. This appeal followed.

Respondent first argues on appeal that the trial court erred in finding that statutory grounds existed to terminate her parental rights. We disagree. "In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). "We review the trial court's determination for clear error." *Id*. "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009) (quotation marks and citation omitted).

We first conclude that the trial court did not clearly err in finding that petitioner established, by clear and convincing evidence, a statutory ground for termination under MCL 712A.19b(3)(c)(*i*). Termination is proper under MCL 712A.19b(3)(c)(*i*) when the "parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order and [t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." This Court has previously held that termination was proper under MCL 712A.19b(3)(c)(*i*) where "the totality of the evidence amply support[ed] that [the respondent] had not accomplished any meaningful change in the conditions" that led to adjudication. *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009).

Here, "182 or more days" have "elapsed since the issuance of an initial dispositional order" at the time of termination. See MCL 712A.19b(3)(c)(*i*). The condition that led to adjudication was respondent's substance abuse when she was pregnant with the minor child. At the time the trial court authorized the first petition for termination of respondent's parental rights on July 20, 2017, respondent had failed to appear at several drug screens and had tested positive for illegal substances in October 2016, February 2017, March 2017, and April 2017. On two occasions, respondent's parenting time ended early because respondent had slurred speech and appeared to be under the influence. Respondent's outpatient therapy was also discontinued because she arrived to sessions in an intoxicated state. Respondent did not enter an inpatient treatment program until May 2017, which was over nine months after the minor child was taken into custody. Although respondent made progress during her 13-month inpatient treatment program, the record clearly establishes that respondent abused substances on September 23, 2018 when the minor child was in her care. As a result of the amount of substances that respondent consumed, she was incoherent and unaware that the two-year-old minor child had left the apartment. Despite the fact that the evidence clearly established that she was intoxicated on September 23, 2018, respondent provided numerous conflicting statements regarding what substances she ingested and therefore never fully took responsibility for her substance abuse on September 23, 2018.[1] Moreover, the fact that respondent was observed to be nude and chanting

---

[1] Although respondent argues on appeal that she had made progress on her issues with substance abuse and that she merely had a "bizarre reaction" to medication on September 23, 2018, because the referee based his recommendation to terminate respondent's parental rights based on the allegations of continued substance abuse, it is clear that the referee did not find the testimony of respondent at the termination hearing to be credible. On appeal, this Court gives deference to

in her apartment several weeks after September 23, 2018 supports the trial court's conclusion that she continued to abuse substances.

The totality of the evidence amply supports that respondent had not accomplished any meaningful change in the condition that led to adjudication. See *In re Williams*, 286 Mich App at 272. Although respondent argues that she would have been able to rectify the conditions if given additional time, the record clearly establishes that there was no reasonable likelihood that the condition that led to adjudication would "be rectified within a reasonable time considering the child's age." See MCL 712A.19b(3)(c)(*i*). Respondent had demonstrated little progress with respect to her long-term substance abuse at the time of termination. Moreover, the 2-1/2 year old minor child had been in foster care for nearly his entire life. The trial court's finding that termination was proper pursuant to MCL 712A.19b(3)(c)(*i*) does not leave us with a definite and firm conviction that a mistake has been made. See *In re VanDalen*, 293 Mich App at 139.

Because we have concluded that at least one ground for termination existed, we need not consider the additional grounds upon which the trial court based its decision. See *In re HRC*, 286 Mich App at 461. Nevertheless, we have reviewed those grounds and conclude that termination was appropriate under MCL 712A.19b(3)(g) and (j).[2]

Respondent also argues that termination was not in the minor child's best interests because they were developing a bond. We disagree. "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012); MCL 712A.19b(5). We review a trial court's finding that termination is in the child's best interests for clear error. *In re HRC*, 286 Mich App at 459. Whether a child is progressing in foster care and the child's need for stability and permanency may be considered in determining best interests. *In re VanDalen*, 293 Mich App at 141. When determining best interests, a trial court may also consider whether the parent has resolved the conditions that led to adjudication, *In re Jones*, 286 Mich App 126, 129-130; 777 NW2d 728 (2009), and whether the parent has a

---

the trier of fact's "special opportunity to judge the credibility of the witnesses." See *In re HRC*, 286 Mich App at 450.

[2] The trial court clearly erred when it relied on MCL 712A.19b(3)(c)(*ii*) when terminating respondent's parental rights. More specifically, MCL 712A.19b(3)(c)(*i*) and (c)(*ii*) were not addressed as separate statutory grounds. Rather, the referee's findings of fact, which were adopted by the trial court, focused exclusively on respondent's continued substance abuse as grounds for terminating her parental rights. The referee made no findings of fact regarding other conditions that existed that brought the minor child within the court's jurisdiction. Therefore, the trial court clearly erred in terminating respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*ii*). Nonetheless, because termination under MCL 712A.19b(3)(c)(*i*), (g), and (j) was proper, the trial court's termination of respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*ii*) amounts to harmless error. See *In re Jones*, 286 Mich App 126, 129; 777 NW2d 728 (2009).

-4-

healthy bond with the child, *In re CR*, 250 Mich App 185, 196-197; 646 NW2d 506 (2002), overruled on other grounds by *In re Sanders*, 495 Mich 394, 422-423; 852 NW2d 524 (2014).

The record in this case clearly establishes that the minor child was at risk of neglect in respondent's care given that respondent did not have consistent employment or suitable housing during the proceedings, see *In re VanDalen*, 293 Mich App at 141, and she continued to struggle with substance abuse in the time leading up to termination of her parental rights, see *In re Jones*, 286 Mich App at 129-130. Importantly, even after receiving two years of services and spending 13 months in inpatient treatment, respondent overdosed on unknown substances while the minor child was in her care on September 23, 2018. This resulted in the minor child being unsupervised outside of the home and criminal charges being filed against respondent. Although the minor child was not physically harmed on that date, the record supports that he was at risk of physical harm and was actually emotionally harmed as a result of respondent's overdose and failure to supervise him. With respect to the minor child's need for permanency, at the time of termination, the minor child had spent almost his entire life in foster care and was bonded to his foster parents. Throughout the proceedings, it was reported that the minor child was thriving, happy, and developing well in his foster home. Additionally, although there was evidence of a bond between respondent and the minor child, the record supports that it was not a healthy bond given that the minor child's social development improved after respondent's visits with him ended. See *In re CR*, 250 Mich App at 196-197. Based on a review of the record, the trial court correctly concluded that terminating respondent's parental rights was in the minor child's best interest. Thus, it did not clearly err. See MCL 712A.19b(5); *In re HRC*, 286 Mich App at 459.

Affirmed.

/s/ Kathleen Jansen
/s/ Thomas C. Cameron
/s/ Jonathan Tukel