*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
August 1, 2024

*In re* MCDONALD-EPPERSON/MCDONALD,
Minors.

No. 369101
Ottawa Circuit Court
Family Division
LC No. 22-097842-NA

Before: CAMERON, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

Respondent[1] appeals as of right the trial court's order terminating her parental rights to the minor children, KEM, AMM, KJM, and AM, under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist) and MCL 712A.19b(3)(g) (failure to provide proper care and custody). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Kent County Children's Protective Services and the Ottawa County Department of Health and Human Services began investigating respondent in February 2021 regarding allegations of homelessness and improper supervision. The children were placed in protective custody after respondent decided to spend the night with the children in a municipal park instead of staying in a homeless shelter, even though the temperature was only 45 degrees and it was lightly raining.

Respondent's principal barriers to reunification were homelessness and unemployment. Over the 18 months that elapsed during these proceedings, respondent remained homeless, largely unemployed, and claimed that her sources of income were her student loans and gambling winnings. She refused to provide caseworkers with information about the county in which she resided, which inhibited her ability to avail herself of additional housing and employment

---

[1] In the same order, the trial court terminated the parental rights of the children's fathers. The respondent-fathers are not parties to this appeal.

-1-

assistance. Respondent identified transportation as a barrier to attending in-person parenting time with her children, but failed to take advantage of the transportation offered to her. While she was largely compliant with virtual parenting time, she only attended approximately 21 out of the offered 111 in-person parenting-time visits.

The trial court terminated respondent's parental rights, finding that statutory grounds for termination were met and that it was in the children's best interests to do so. This appeal followed.

## II. STATUTORY GROUNDS

Respondent argues the trial court erred in finding statutory grounds for termination. We disagree.

## A. STANDARD OF REVIEW

This Court reviews for clear error the trial court's ruling that a statutory ground for termination of parental rights has been established by clear and convincing evidence. *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020). "A circuit court's decision to terminate parental rights is clearly erroneous if, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003).

## B. LAW AND ANALYSIS

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*) and MCL 712A.19b(3)(g). Termination of parental rights under subsection (c)(*i*) is proper if "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." In finding this subsection was satisfied, the trial court reasoned that respondent was homeless—and remained so throughout the proceedings—and was unemployed. The trial court stated that respondent was "steadfastly saying [']it's everyone else's fault, I didn't do anything wrong, and they need to come home,['] even though there's no home to come to. I don't think this is going to change."

Respondent argues on appeal that the trial court erred in finding these conditions would not be rectified in a reasonable amount of time. But, as the trial court noted, the case had been pending for over a year without any progress as to these barriers. The trial court thus did not clearly err in finding sufficient grounds under subsection (c)(*i*). Because only one statutory ground is needed to support affirmance of the trial court's ruling, *In re Sanborn*, 337 Mich App 252, 273; 976 NW2d 44 (2021), we need not consider respondent's arguments under subsection (3)(g).

## III. BEST INTERESTS

Respondent argues the trial court erred in finding termination was in the children's best interests. We disagree.

## A. STANDARD OF REVIEW

This Court reviews a trial court's preponderance-of-the-evidence determination that termination of parental rights was in a child's best interests for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "A circuit court's decision to terminate parental rights is clearly erroneous if, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich at 209-210.

## B. LAW AND ANALYSIS

After finding statutory grounds for termination, the trial court should next consider whether termination is in the children's best interests. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). Some of the various factors the trial court may consider include:

> [T]he child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App at 713-714 (quotation marks and citations omitted).]

The trial court may also consider the parent's history and psychological evaluation, as well as the child's age. *In re Jones*, 286 Mich App 126, 131; 777 NW2d 728 (2009).

Regarding the children's best interests, the trial court considered the children's: (1) likelihood of adoption; (2) ages; (3) preferences; (4) special needs; (5) length of time in foster care; (6) bond with their siblings; and (7) bond with respondent. The trial court also considered experts' opinions, ethnic and cultural factors, and the effect of further delay. Although not explicitly considered in the trial court's best-interests analysis, the record is filled with its additional considerations concerning respondent's lacking parenting ability, noncompliance with her case service plan, and sporadic visitation history. Indeed, the trial court relied on these factors for its statutory analysis.

Respondent argues the trial court gave insufficient weight to her bond with her children—the two older children in particular. In finding termination was in the children's best interests, the trial court specifically noted respondent's bond with them. It therefore seems respondent's argument on appeal is that the trial court should have found this to be the *dispositive* factor. But, the best-interests analysis concerns several factors, see, e.g., *In re White*, 303 Mich App at 713-714, and therefore the trial court would have erred if it considered this factor above others. Beyond this, the trial court found this factor was neutral, noting that respondent's "refusal or inability to visit [the children] much in the last year-and-a-half has greatly hurt that bond." Respondent apparently disagrees with this finding, but does not explain why the trial court erred in finding her failure to visit the children diminished their bond. See *In re Rippy*, 330 Mich App 350, 362 n 5; 948 NW2d 131 (2019) (quotation marks and citation omitted) ("Insufficiently briefed issues are deemed abandoned on appeal."). Thus, there is no clear error warranting our reversal.

Respondent also challenges the trial court's finding that all the children could potentially be adopted by the same family, arguing this was an "unrealistic assessment." In making this argument, respondent does not explain why this was an unrealistic assessment. Regardless, we also note that, after the termination hearing, the children's adoption worker filed a report explaining that their foster family was seeking to adopt all of them. The trial court's finding, therefore, was not clearly erroneous.

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Christopher P. Yates