*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* GETZEN, Minors.

UNPUBLISHED
February 18, 2026
2:30 PM

No. 374858
Hillsdale Circuit Court
Family Division
LC No. 2021-000534-NA

Before: SWARTZLE, P.J., and MALDONADO and ACKERMAN, JJ.

PER CURIAM.

In this case, respondent-mother's children were first removed from her care because of drug use and domestic violence. After the children returned to respondent's care, the children were removed again because of domestic violence; this removal eventually led to the termination of respondent's parental rights. Respondent now appeals the trial court's order terminating her parental rights, arguing that the trial court erred by finding that a statutory ground for termination was met, and that termination was in the children's best interests. Additionally, respondent argues that the trial court erred by failing to advise respondent of her right to appeal the removals of the children. We affirm the trial court's decision to terminate respondent's parental rights.

## I. BACKGROUND

This case began when Children's Protective Services received a report that the children's biological father knocked one of the children's teeth loose by throwing a toy at her face.[1] During the two years preceding this event, police were called approximately 30 times because of domestic violence, methamphetamine use, and suicidal threats made by respondent. The Department of Health and Human Services (DHHS) removed the children from the home because, despite a no-contact order regarding the father, respondent continued to use methamphetamine and allowed the father to be around the children. The record, including the preliminary hearing transcripts and the

---

[1] The trial court terminated the biological father's parental rights, and he did not appeal that order.

-1-

order after the preliminary hearing, does not demonstrate that respondent was informed of her right to appeal the trial court's order removing the children.

DHHS placed the children with their maternal grandmother while respondent engaged in services offered by DHHS and Family Treatment Court. Despite a relapse with drug use and contact with the father, the children were returned to respondent's care. The first few months after the children's return, respondent continued to make progress by graduating from Family Treatment Court and moving in with her new partner.

The children, less than a year after they were returned to respondent, were removed from respondent's care a second time. During the time she had custody of the children, respondent had relapsed and used methamphetamine. Further, respondent and her boyfriend had an argument, which resulted in the boyfriend choking respondent. Respondent moved herself and the children back and forth between a shelter and the boyfriend's house, while also visiting the children's father with the children. The day before removal, respondent cut her arm with scissors while arguing with the boyfriend, which required 12 stiches. During this removal, respondent was advised of her right to appeal during the preliminary hearing and in the orders following.

Because the children's grandmother told DHHS that she was unable to care for all four children, the oldest child stayed with the grandmother while the three youngest children were placed together in a foster home.[2] DHHS ultimately filed a petition requesting that respondent's parental rights be terminated. During the termination hearing, the foster-care workers, the parenting-time supervisor, the children's principal and doctors, and the children's foster mother testified about respondent's lack of benefits from services provided and changes in the children's behaviors when in contact with respondent. Respondent also presented evidence relating to her recent improvements, including testimony from her doctors. The trial court entered an order terminating respondent's parental rights under MCL 712A.19b(3)(c)(i) (conditions of adjudication continue to exist), (c)(ii) (failure to rectify other conditions), (g) (failure to provide care or custody although able to do so), and (j) (reasonable likelihood that child will be harmed if returned to the parent). This appeal followed.

II. ANALYSIS

A. STATUTORY GROUNDS FOR TERMINATION

Respondent argues that the trial court clearly erred by finding that petitioner established a statutory ground for termination of respondent's parental rights. A trial court may terminate parental rights if one or more of the statutory grounds listed in MCL 712A.19b(3) was proven by clear and convincing evidence. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "We review for clear error the trial court's finding that there are statutory grounds for termination of a respondent's parental rights." *In re Atchley*, 341 Mich App 332, 343; 990 NW2d

---

[2] The oldest child was several years older than the three other children, and DHHS requested that this child be placed in a guardianship with the grandmother in lieu of termination of parental rights. Although the oldest child was involved throughout the proceedings, she is not subject to this appeal.

685 (2022). Clear error occurs "if the reviewing court has a definite and firm conviction that a mistake has been committed." *In re BZ*, 264 Mich App 286, 296; 690 NW2d 505 (2004).

The trial court did not clearly err when it found that MCL 712A.19b(3)(c)(*i*) was proven by clear and convincing evidence. More than 182 days had elapsed since the initial dispositional order, the conditions that led to the adjudication still existed, and there was no reasonable likelihood that the conditions would have been rectified within a reasonable time. MCL 712A.19b(c)(*i*). Although respondent abstained from using drugs for a substantial length of time after the children were placed in foster care after the second removal, the evidence showed that, despite engaging in various services, respondent failed to rectify issues of domestic violence and mental health. Respondent's doctor opined that respondent engaged in services but did not benefit from them. "Although DHHS has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of the respondent-parent to participate in the services and demonstrate having benefited from them." *In re MJC*, 349 Mich App 42, 61; 27 NW3d 122 (2023).

Further, respondent remained in contact with men involved in the domestic-violence situations, which was one of the reasons the children were removed. Respondent was failing to follow her safety plan and allowed the children to be in the presence of potentially dangerous men. And despite reports from the children that they had witnessed the domestic violence, respondent continued to deny that the children knew that the violence occurred. Respondent lied about remaining in close contact with the abusive partners, minimized the harm it caused, and excused the abusers' conduct instead of recognizing the trauma that the children suffered. As for her mental health, respondent denied that the children witnessed her harming herself and claimed that they were not impacted by her suicidal statements. But evidence showed that the children reported knowing about respondent's self-harm.

When respondent was not supervised by the trial court or petitioner, she failed to show that she applied the benefits received from services to her situation. She surrounded herself with unsafe men, stopped taking her mental-health medication, relapsed into drug use, and experienced emotional dysregulation, including self-harming behaviors and irrational thoughts. Based on the overwhelming evidence, the trial court did not clearly err when it found that respondent failed to rectify her mental-health and domestic-violence issues and that there was no reasonable likelihood that she would do so in the future.[3]

## B. BEST INTERESTS

Additionally, respondent argues that the trial court clearly erred when it ruled that termination of her parental rights was in the children's best interests. We review for clear error the trial court's finding regarding best interests. *In re Jones*, 286 Mich App 126, 129; 777 NW2d 728 (2009). To terminate parental rights, the trial court must find that termination is in the child's

---

[3] Petitioner is required to prove only one statutory ground for termination by clear and convincing evidence, so we need not address the trial court's findings under the other statutory sections. See *In re Olive/Metts Minors*, 297 Mich App at 40.

-3-

best interests, MCL 712A.19b(5), by a preponderance of the evidence, *In re LaFrance*, 306 Mich App 713, 733; 858 NW2d 143 (2014). The trial court may consider the following factors when making its determination: the children's bond to respondent; respondent's parenting ability; the children's need for permanency, stability, and finality; and the advantages of a foster home over respondent's home. *Olive/Metts*, 297 Mich App at 41-42.

Petitioner proved by a preponderance of the evidence that termination of parental rights was in the children's best interests. The children, while in respondent's care, were abused and witnessed abuse, which caused significant mental and emotional issues that needed treatment. Respondent did not understand, recognize, or address these issues and instead tried to discredit the children's experiences. Although the children at times expressed that they wanted to live with respondent, the evidence overall showed that the children were at their best outside the presence of respondent. The children's behavior and emotional health improved when respondent's parenting-time visits ended. To the extent that respondent complains that her bond to the children was weakened by less parenting time, respondent's own conduct led to her loss of parenting time, even if she refuses to acknowledge it.

The children's foster parents went to great lengths to ensure the children received necessary services to address their physical, mental, and emotional health, which resulted in improvement in their behaviors. While respondent allowed the children's services to lapse in her care, the foster parents sought activities and services that would allow the children to thrive, including essential appointments. The children's trauma assessments showed that they needed safety and security at home and numerous witnesses testified that the foster parents provided for those needs. Even though termination may not be what respondent wanted, termination was the outcome that the children needed and therefore was in their best interests.

## C. ADVICE OF RIGHTS

Finally, respondent argues that the trial court erred by failing to advise her of her right to appeal the removal orders. The Court reviews de novo the interpretation of court rules, but reviews for plain error unpreserved issues. *In re Barber/Espinoza*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket No. 167745); slip op at 13-14. Although respondent sought dismissal in the trial court because the trial court did not give her *Form JC 111* advising her of a right to appeal orders following adjudication, respondent never raised the specific issue on appeal of whether the trial court failed to ever advise her of her right to appeal both of the removal orders. Because the specific issue was never decided by the trial court and respondent on appeal argues the issue as if it is unpreserved, we will review the issue under plain error review in accordance with *In re Barber/Espinoza*, ___ Mich ___. See *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014).

To establish plain error, respondent "must establish that (1) error occurred; (2) the error was plain, i.e., clear or obvious; and (3) the plain error affected their substantial rights." *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019) (cleaned up). To warrant reversal, the plain error must have affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

MCR 3.965(B) provides the procedures for a preliminary hearing and subsection (15) provides that the trial court must advise the parent, guardian, or legal custodian of the right to appeal an order removing a child from the parent's care or custody. Our Supreme Court has

already explained that a trial court plainly errs when it fails to advise a respondent of the right to appeal a removal order according to MCR 3.965(B)(15). *In re Barber/Espinoza*, ___ Mich at ___; slip op at 15. So, if the trial court here failed to advise respondent of her right to appeal the orders removing the children, then the issue is whether such failure affected respondent's substantial rights.

Respondent on appeal initially argued that the trial court never advised respondent of her right to appeal during the removal hearings or in the written orders before or after either removal of the children. At oral argument, respondent conceded that with respect to the second removal, the trial court informed respondent of her right to appeal during the preliminary hearing; it also attached the language to the removal order. Therefore, the trial court did not fail to inform respondent of her right to appeal during the second removal. During the first removal, however, the record does not indicate that the trial court informed respondent of her right to appeal during the hearing or in the removal order. The trial court clearly erred when it failed to inform respondent of her right to appeal, specifically after the first removal and before the second removal.

Thus, the issue is whether the error to inform respondent of her right after the first removal order prejudiced respondent. Respondent argues that she would have been in a "much better position today" if the option to appeal had been presented to respondent; but that is not the standard. For this issue, respondent must "show that, had she been advised of her appellate rights after the preliminary hearing, the outcome of these proceedings would have been different." *In re Barber/Espinoza*, ___ Mich at ___; slip op at 16. Here, the outcome of the proceedings was the termination of parental rights, which occurred after the second removal and advice of rights. Before the second removal, the children were returned to respondent's care, and respondent's case was nearly closed based on her substantial improvement.

The children were removed from respondent's care the second time because respondent relapsed, self-harmed, and continued to be around men who committed domestic violence. Therefore, the second removal and eventual termination of parental rights were a result of respondent's actions after the children were returned to her, not an outcome of the trial court's failure to advise respondent of her right to appeal during the first removal. Because the trial court properly determined termination, respondent cannot show that the outcome of these proceedings would have been different had she been advised of her appellate rights during the first removal that resulted in the children's return.

## III. CONCLUSION

The trial court did not err in finding that a statutory ground for termination was met and that termination was in the best interests of the children based on the evidence presented.

Affirmed.

/s/ Brock A. Swartzle
/s/ Allie Greenleaf Maldonado
/s/ Matthew S. Ackerman

-5-