# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
April 28, 2016

No. 329811
Branch Circuit Court
Family Division
LC No. 15-005312-NA

*In re* MILLER, Minors.

Before: SAWYER, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent mother appeals as of right the trial court order terminating her parental rights to the minor children under MCL 712A.19b(3)(b)(*ii*) (parent failed to protect child from sexual abuse and there is a reasonable likelihood of future abuse). We affirm.

Respondent challenges the trial court's findings regarding the statutory ground for termination and the minor children's best interests. If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. MCL 712A.19b(3) and (5); *In re Moss,* 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); see also MCR 3.977(K). "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). In applying the clear error standard in parental termination cases, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

Termination is proper under MCL 712A.19b(3)(b)(*ii*) where "[t]he child or a sibling of the child has suffered physical injury or physical or sexual abuse" and "[t]he parent who had the opportunity to prevent the physical injury or physical or sexual abuse failed to do so and the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home." In this case, it is undisputed that both of the minor children, just under three years old at the time, suffered severe sexual abuse at the hands of respondent's boyfriend. Respondent does not challenge the trial court's conclusion under

-1-

MCL 712A.19b(3)(b)(*ii*) that respondent "had the opportunity to prevent the . . . sexual abuse [and] failed to do so[.]" Accordingly, the trial court's ruling on that particular component of MCL 712A.19b(3)(b)(*ii*) stands.[1]

Respondent argues that there was no evidence of a reasonable likelihood that the minor children would suffer injury or abuse in the foreseeable future if they were returned to her home. However, after respondent's psychological evaluation, the psychologist concluded that respondent's self-preoccupation made her prone to protecting her romantic relationships over her own children and created a lack of empathy toward their needs. The psychologist's opinion closely aligned with respondent's actions in this case. Respondent initially stated to investigators that she had no idea how the minor children were sexually abused and claimed that she was the only person around the children and that she had never left them alone with anyone else. One week later, respondent presented a timeline to investigators indicating that the sexual abuse occurred while they were in their father's care, which was untrue. It was later revealed that respondent left the minor children alone with her boyfriend. Not only did respondent lie to protect her boyfriend, she also asked other people to lie to protect him. Additionally, after the sexual abuse occurred, respondent did not take any action to seek medical treatment for the minor children or to protect them from further potential sexual abuse. Respondent also did nothing to find out what had happened to her children. Only after her boyfriend was charged with sexually abusing the minor children and sent to jail did respondent break up with him. Respondent testified that after the sexual abuse incident, she was "pretty blank minded for a long time" and acknowledged that she "probably should not have been so willing to just blow it off my shoulder that [her boyfriend] couldn't have done it." Respondent also conceded that she was "very misleading" to the police when she told the police that her boyfriend had not been left alone with the minor children.[2] Thus, respondent protected her romantic relationship with her boyfriend instead of protecting her own children in this case. A trial court may rely on a parent's problematic history in determining that there is a reasonable likelihood that a child will suffer abuse in the foreseeable future if placed in the parent's home. *In re Archer*, 277 Mich App 71, 75-76; 744 NW2d 1 (2007).

Further, the psychologist concluded that respondent's prognosis as a parent was poor because her mental health issues were related to her "self-protective maneuvers," her immaturity,

---

[1] We also note that there was evidence that respondent had dated her boyfriend for a little over a month before she invited him to live with her and the minor children. Respondent also acknowledged that she was "lenient" toward her boyfriend when she allowed him to watch the minor children after dating him for a brief period of time. And, as discussed in more detail below, there was overwhelming evidence that respondent took calculated steps to shield her boyfriend from sexual assault accusations, leaving her children vulnerable. Even were we to substantively review the issue, we could not find clear error regarding the trial court's determination that there was clear and convincing evidence that respondent had the opportunity to prevent the sexual abuse and failed to do so.

[2] Respondent was charged with and arrested for lying to police in connection with the investigation of the sexual assaults.

and her instability. He explained that it would be a challenge for respondent to "evaluate her relationship, her employment, stability, housing and the network that's going to be supportive" within a year's time. The trial court did not clearly err in finding that MCL 712A.19b(3)(b)(*ii*) was established by clear and convincing evidence.

Regarding the minor children's best interests, respondent's history of failing to protect the minor children and the children's need for stability and consistency weighed in favor of termination. *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012); *In re Jones*, 286 Mich App 126, 131; 777 NW2d 728 (2009). And, while the minor children's placement with their father and the evidence of their bond with respondent may have weighed against termination, the trial court did not clearly err in determining that the best interests of the children favored termination given respondent's history of jeopardizing the safety and wellbeing of her children, along with the children's need for stability. *Olive/Metts Minors*, 297 Mich App at 41-42.[3] Further, respondent's claim on appeal that giving her the opportunity to participate in reunification services[4] would have been to the minor children's benefit is highly speculative, because there was no evidence that additional time would have allowed respondent to receive long-term benefits from services. Moreover, there was testimony that respondent was unwilling to and did not engage in the few services that were provided to her, e.g., parenting classes. Reversal is unwarranted.

Affirmed.

/s/ David H. Sawyer
/s/ William B. Murphy
/s/ Amy Ronayne Krause

---

[3] Assuming that a parent qualifies as a "relative" for purposes of MCL 712A.19a(6)(a), necessitating explicit consideration of placement of a child with a parent in examining and resolving the best-interests issue, the record here reflects that the trial court expressly contemplated the children's placement with their father before concluding that termination of respondent's parental rights was in the children's best interests. See *Olive/Metts Minors*, 297 Mich App at 43.

[4] Respondent was provided with a few services in this case. However, petitioner "is not required to provide reunification services when termination of parental rights is the agency's goal." *In re HRC*, 286 Mich App at 463. And petitioner properly requested the termination of respondent's parental rights to the minor children at the initial dispositional hearing pursuant to MCL 722.638(2) (placing child at an unreasonable risk of harm due to parent's failure to take reasonable steps to intervene and eliminate the risk). Given the sexual assaults and failure to protect, petitioner did not need to provide reunification services. MCL 712A.19a(2)(a); MCL 722.638(1)(a)(*ii*) and (2).