# STATE OF MICHIGAN

# COURT OF APPEALS

In re K. C. SCRUGGS, Minor.

UNPUBLISHED
January 10, 2017

No. 332542
Wayne Circuit Court
Family Division
LC No. 16-521761-NA

Before: SERVITTO, P.J., and MARKEY and STEPHENS, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to the minor child under MCL 712A.19b(3)(b)(*i*) (parent's act caused physical injury or physical or sexual abuse to child); (g) (parent failed to provide proper care and custody); (j) (reasonable likelihood that child will be harmed if returned to parent); and (k)(*ix*) (parent sexually abused the child). We affirm.

The trial court must find the existence of at least one statutory ground for termination by clear and convincing evidence. *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). If the trial court determines that clear and convincing evidence supports a statutory ground for termination, the trial court shall order termination of parental rights if the court also finds by a preponderance of the evidence that termination of parental rights is in the best interests of the child. MCL 712A.19b(5); *In re Moss*, 301 Mich App at 90; *In re Jones*, 286 Mich App 126, 129; 777 NW2d 728 (2009). "This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). This Court also reviews for clear error the trial court's best-interest determination. *Id.* at 713.

Termination of respondent's parental rights was proper under MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*ix*). Respondent admitted to sexually abusing the two-week-old child by twice placing his penis in her mouth. Furthermore, respondent's mental health issues prevented her from being able to provide proper care of the child. Respondent was diagnosed with schizoaffective disorder, bipolar disorder, and obsessive-compulsive disorder (OCD). Respondent's mental health issues dated back to when she was 16 years old and were serious enough to require at least six hospitalizations. Respondent argues that she was now stable and taking medication. Although she was unable to take prescribed psychiatric medication while she was pregnant with the child, the evidence showed that she was prescribed Seroquel right after the child was born but was not taking it as directed when she sexually assaulted the baby because it made her "woozy." This was not the first time respondent had stopped taking prescribed

-1-

medication. In the past she experienced suicidal ideation when she stopped taking prescribed medication. Thus, although she may have achieved more stability once she began taking medication again, her stability was not reliable given her history of taking herself off prescribed medication. Moreover, her low affect at the time she was interviewed by the caseworker suggested that her mental stability was still questionable even though she was receiving mental health treatment.

Respondent was also repeatedly inconsistent about her desire to parent the child. The testimony showed that shortly after respondent sexually assaulted her son and called for help, she was found throwing away his baby supplies and stated that she could not care for him any longer.

Respondent argues that the harm in this case was insufficient to constitute aggravating circumstances because there was no injury to the child other than a speculative future injury, and she could overcome her bad judgment. This argument is unpersuasive. Respondent's sexual assault on the child could have caused him emotional harm. "Harm" for purposes of MCL 712A.19b(3)(j) includes not only physical harm, but emotional harm as well. *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011). Moreover, respondent's treatment of the child is indicative of how she will treat him in the future. The fact that respondent sexually assaulted him more than once shows the severity of her issues.

Respondent also contends that she should have been afforded reasonable efforts at reunification. "Generally, when a child is removed from the parents' custody, the petitioner is required to make reasonable efforts to rectify the conditions that caused the child's removal by adopting a service plan." *In re HRC*, 286 Mich App 444, 462; 781 NW2d 105 (2009); see also MCL 712A.18f. However, petitioner is not required to provide reunification efforts when the parent sexually abused that child. *In re HRC*, 286 Mich App at 463; see also MCL 722.638(1) and (2). Accordingly, petitioner was not required to provide respondent with reunification efforts as she claims.

Finally, respondent argues that the trial court erred in its best-interest finding. This claim is unpersuasive. The trial court specifically found that respondent struggled with mental health issues for the past 11 years and had been unable to achieve significant stability. The record shows that respondent admitted that she sexually abused her son and it was not in the child's best interests to be raised by a caregiver who might abuse him. Respondent argues that the child's placement with a family member should have negated the need for petitioner to file for permanent custody as a child's placement with relatives weighs against termination. The trial court is required to "explicitly address each child's placement with relatives at the time of the termination hearing if applicable." *In re Olive/Metts, Minors*, 297 Mich App 35, 44; 823 NW2d 144 (2012). Here the trial court explicitly found that termination of respondent's parental rights was appropriate even though the child was placed with a relative. The trial court found that the risk of harm was too high to work toward reunification even though there was a relative placement.

Respondent also argues that the trial court did not adequately consider and weigh the bond between herself and the child. This argument is unsupported by the record. The testimony showed that there was not a strong bond between respondent and the child, who was removed from respondent's care when he was two weeks old. Regardless, even if there was a strong

bond, no bond would be more important than the child's emotional and physical safety. Thus, the trial court did not clearly err in its best-interest determination.

Affirmed.

/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Cynthia Diane Stephens