# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
December 11, 2018

*In re* CAMPBELL/JONES, Minors.

No. 342591
Wayne Circuit Court
Family Division
LC No. 16-523081-NA

Before: M. J. KELLY, P.J., and METER and O'BRIEN, JJ.

PER CURIAM.

Respondent-mother appeals as of right the order terminating her parental rights to the minor children, TC and JJ, under MCL 712A.19b(3)(c)(*i*) (conditions that led to the adjudication continue to exist), MCL 712A.19b(3)(g) (failure to provide proper care or custody), and MCL 712A.19b(3)(j) (likelihood that the children will be harmed if returned to parent). We affirm.

TC and JJ were removed from respondent's care in 2016 because respondent repeatedly tested positive for cocaine and marijuana, and JJ was born prematurely and tested positive for marijuana at birth. Respondent was offered services, but she failed to benefit from services or fulfill her treatment plan. As a result, the Department of Health and Human Services (DHHS) petitioned the trial court to terminate her parental rights. Following a trial, the trial court terminated respondent's rights to TC and JJ. Respondent now appeals.

Respondent first argues that the DHHS failed to make reasonable efforts to reunify respondent with the children. We disagree. We review for clear error whether reasonable efforts were made to preserve and reunify the family. *In re Fried*, 266 Mich App 535, 542-543; 702 NW2d 192 (2005). A finding is clearly erroneous if this Court is left with a definite and firm conviction that a mistake has been made. *In re Medina*, 317 Mich App 219, 227; 894 NW2d 653 (2016).

Before a court may contemplate termination of a parent's parental rights, the petitioner must make reasonable efforts to reunite the family, MCL 712A.19a(2), and a respondent has a commensurate responsibility to participate in the services offered, *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). But it is not enough to merely participate in services; a respondent must benefit from services. See *In re Gazella*, 264 Mich App 668, 676; 692 NW2d 708 (2005). "The adequacy of the [DHHS]'s efforts to provide services may bear on whether there is sufficient evidence to terminate a parent's rights." *In re Rood*, 483 Mich 73, 89; 763 NW2d 587 (2009).

-1-

Here, the children came into care because JJ tested positive for marijuana at birth. The trial court ordered respondent to have a substance abuse assessment, participate in individual and substance abuse therapy, and participate in weekly random drug screens. The trial court also ordered respondent to participate in parenting classes, have supervised parenting-time visits with the children, maintain contact with her caseworker at the DHHS, and obtain employment and suitable housing. Respondent was initially referred for services in December 2016, and was referred a second time in late January 2017. Respondent's caseworker reported that respondent was terminated from services both times because "[t]he agency wasn't able to make contact with [respondent] within" a "10-day time frame." During a February 2017 dispositional review hearing, petitioner reported that the DHHS was having problems reaching respondent, and respondent's counsel explained that respondent "was hospitalized over this last reporting period."

Respondent's caseworker testified that she referred respondent to services again in June 2017, and that respondent participated in some of the services offered but did not benefit from them. For instance, respondent attended substance abuse and individual counseling, but her caseworker did not believe that respondent benefitted from those services because respondent continued using and testing positive for marijuana and alcohol. Relatedly, although respondent was repeatedly ordered to participate in random drug screenings, her participation was sporadic at best. When respondent did participate, she frequently tested positive. Respondent's caseworker reported that respondent participated in parenting classes after the June 2017 referral, but respondent failed to attend the classes consistently so the service was terminated. Respondent's caseworker referred respondent to parenting classes again in September 2017, but respondent never completed the classes. Respondent's caseworker opined that respondent had not benefitted from the parenting classes that she attended because respondent showed up drunk to a parenting visit in November 2017. When respondent testified, she admitted that she continued to use alcohol but denied that she had a substance abuse problem. As for respondent's participation in parenting time, she usually visited with the children once or twice a month, but sometimes missed her parenting-time visits, which caused TC emotional distress.

On this record, we agree with the trial court that the DHHS made reasonable efforts to preserve and reunify respondent with the children. The DHHS provided services intended to rectify the conditions that led to the children's removal, but respondent largely failed to participate in those services. See *re Frey*, 297 Mich App at 248. When respondent did participate, she clearly failed to benefit from the services. See *In re Gazella*, 264 Mich App at 676. Respondent is not entitled to relief on this ground.

Respondent next argues that the trial court erred by finding that petitioner established statutory grounds for termination by clear and convincing evidence. We disagree. This Court "review[s] for clear error a trial court's finding of whether a statutory ground for termination has been proven by clear and convincing evidence." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). We defer to the trial court's "special opportunity to judge the credibility of witnesses." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

The trial court found grounds for termination under MCL 712A.19b(3)(c)(*i*), (g), and (j), which permit termination when:

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

\* \* \*

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.[1]

\* \* \*

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Here, TC and JJ came into care after JJ tested positive for marijuana at birth and respondent tested positive for marijuana and cocaine. Despite respondent's participation in substance abuse counseling, she continued to abuse substances as evidenced by her positive drug screens. Respondent's psychological evaluation, which was completed in November 2017 and was entered as an exhibit at trial, suggested that respondent was abusing substances and should participate in "an intensive substance abuse program." As explained earlier, there was also testimony that respondent showed up intoxicated to a parenting-time visit in November 2017. In short, respondent failed to address her substance abuse in the more than 15 months since the children were removed from her care. And there was no reasonable likelihood that respondent will be able to rectify her substance abuse issue within a reasonable time. Not only did respondent fail to benefit from the services she participated in, but—despite evidence to the contrary—she failed to recognize her substance abuse issue; at the termination hearing, respondent denied that she had a substance abuse problem. Based on this evidence, we conclude that the trial court did not clearly err in finding by clear and convincing evidence that termination was warranted under MCL 712A.19b(3)(c)(*i*). "Having concluded that at least one ground for

---

[1] Effective June 12, 2018, MCL 712A.19b(3)(g) was amended by 2018 PA 58 to read that a trial court may terminate a parent's rights if:

The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

termination existed, we need not consider the additional grounds upon which the trial court based its decision." *In re HRC*, 286 Mich App at 461.

Lastly, respondent challenges the trial court's finding that termination of her parental rights was in the children's best interests. We disagree. Whether termination of parental rights is in the child's best interests must be proven by a preponderance of the evidence. *In re Moss*, 301 Mich App at 90. We review for clear error a trial court's finding that termination of parental rights is in a child's best interests. *In re Jones*, 286 Mich App 126, 129; 777 NW2d 728 (2009).

The focus at the best-interest stage is on the child, not the parent. *In re Moss*, 301 Mich App at 87. A court may consider several factors when deciding if termination of parental rights is in a child's best interests, including the child's bond to the parent, the parent's parenting ability, and the child's need for permanency, stability, and finality. *In re Olive/Metts*, 297 Mich App 35, 42; 823 NW2d 144 (2012). The trial court may also consider "the parent's compliance with his or her case service plan," *In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014), how long the child lived in the present home, and the likelihood of the child returning to the parent's home, *In re Frey*, 297 Mich App at 248-249.

The record suggests that TC had a bond with respondent, but JJ did not because he had been in care his whole life. While TC's bond with respondent weighs against termination, we note that, because of TC's bond with respondent, he suffered emotional trauma when respondent failed to answer his calls or show up for scheduled visits. In a similar vein, respondent failed to consistently visit the children. She also appeared to lack appropriate parenting skills, and her visits never progressed to unsupervised visitations.

Respondent also failed to comply with her treatment plan. Though respondent participated in certain services, she largely failed to benefit from any of those services. With other services, respondent failed to sufficiently participate. For instance, she failed to submit the required weekly drug screens, and she never completed parenting classes. And as explained earlier, despite receiving services to address her substance abuse, it remained an ongoing concern that she refused to acknowledge.

The record also reflects that the children were thriving in their current placement. They had been in the care of TC's father for the 17 months that this case was ongoing. In that placement, all of the children's needs were provided for, and there were no reported problems. The record reflects that TC's father and his partner established bonds with the children, and they were willing to adopt JJ. In contrast, the trial court expressed concern for respondent's ability to care for the children if they were returned to her. The trial court was particularly troubled by respondent's statement that she had certain medical conditions but never followed up with a doctor to receive treatment because she was overwhelmed by services. The trial court questioned how respondent would be able to care for the children if she was unable to care for herself.

The children were entitled to stability, consistency, and finality, and respondent never showed that she was capable of providing that for the children. In fact, by respondent's own admission, she was not ready to care for the children and requested an additional six months. But the children were already out of respondent's care 17 months, and in that time, respondent

made little to no progress in addressing her barriers to reunification. Indeed, at the termination hearing, respondent denied that she had a substance abuse issue, which is the very problem that brought the children into the court's jurisdiction. On this record, it appears unlikely that respondent will be able to address her issues and provide a stable home for the children.

Based on the foregoing, we conclude that the trial court did not clearly err when it held that termination of respondent's parental rights was in the children's best interests.

Affirmed.


/s/ Michael J. Kelly
/s/ Patrick M. Meter
/s/ Colleen A. O'Brien