# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
December 13, 2018

*In re* J. D. K. CRAWFORD, Minor.

No. 343684
Wayne Circuit Court
Family Division
LC No. 17-000315-NA

Before: M. J. KELLY, P.J., and METER and O'BRIEN, JJ.

PER CURIAM.

Respondent-father appeals as of right the trial court's order terminating his parental rights to the minor child, JDKC, under MCL 712A.19b(3)(b)(*i*), (g), and (j). We affirm.

This case began after the child's mother and her live-in domestic partner reported to Children's Protective Services (CPS) that JDKC had disclosed acts of sexual abuse by respondent. Although JDKC resided with his mother in Wayne County, he was taken to Macomb County Care House for a forensic interview because the alleged acts occurred in Macomb County. During the interview, JDKC described in detail acts of sexual penetration and sexual contact committed by both respondent and respondent's sister. Petitioner filed a petition for jurisdiction over JDKC. The petition requested that respondent's parental rights be terminated at the initial dispositional hearing. Before the dispositional hearing, the trial court held an evidentiary hearing to determine whether JDKC's statements from the Care House interview were admissible under MCR 3.972(C)(2)(a). The trial court ruled that they were.

Respondent's theory below was that mother's partner coached JDKC to falsely accuse respondent of abuse because the partner was "obsessed" with the child and wanted to remove respondent from the child's life. In support of this theory, respondent presented testimony from himself, his mother, and JDKC's mother's mother and brother. All of these witnesses testified that mother restricted their contact with JDKC after she became involved with her new partner. The trial court was unpersuaded by this argument and found that the child was telling the truth because the circumstances surrounding the child's statements provided adequate indicia of their trustworthiness. The court noted that JDKC used terminology it would expect from a juvenile, JDKC's statements appeared to have been spontaneous, JDKC had no apparent motive to fabricate, JDKC's descriptions of his experiences remained consistent, and the time frame described by JDKC made sense. Having concluded that respondent sexually abused JDKC, the trial court found statutory grounds to terminate respondent's parental rights, and that termination

-1-

was in JDKC's best interests. Accordingly, the trial court terminated respondent's parental rights to JDKC.

On appeal, respondent argues that the trial court erred by finding that petitioner established statutory grounds for termination by clear and convincing evidence. We disagree. This Court "review[s] for clear error a trial court's finding of whether a statutory ground for termination has been proven by clear and convincing evidence." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). A finding is clearly erroneous if the reviewing court is left with the firm and definite conviction that a mistake was made. *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). This Court gives deference to the trial court's superior position to judge the credibility of witnesses. *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005).

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (g), and (j), which permit termination when:

(b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

(*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

* * *

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.[1]

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Here, termination under MCL 712A.19b(3)(b)(*i*) was amply supported by the statements JDKC made during his Care House interview, as testified to by the counselor that interviewed him. The trial court admitted the counselor's testimony of JDKC's statements under

---

[1] Effective June 12, 2018, MCL 712A.19b(3)(g) was amended by 2018 PA 58 to read that a trial court may terminate a parent's rights if:

The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

MCR 3.972(C), which allows admission of a statement "made by a child under 10 years of age . . . regarding an act of child abuse, child neglect, sexual abuse, or sexual exploitation . . . [made] through the testimony of a person who heard the child make the statement . . . ." Under that rule, the child's statement is admissible as "substantive evidence of the act . . . if the court has found, in a hearing held before trial, that the circumstances surrounding the giving of the statement provide adequate indicia of trustworthiness." MCR 3.972(C)(a).

Respondent does not argue that JDKC's Care House interview statements do not support termination under MCL 712A.19b(3)(b)(*i*). Rather, he suggests that because the interview was not audio recorded, the transcript of the interview was not reliable. But this argument ignores that the trial court did not admit the transcript, and instead relied on the interviewer's testimony of JDKC's statements. The court found the interviewer's testimony credible, and it found that the circumstances surrounding the child's statements established adequate indicia of their trustworthiness. Respondent relatedly argues that the statements cannot be reliable because the child's mother and her partner coached and coerced JDKC into making the allegations. But the trial court was presented with this same argument and nonetheless concluded that the child's statements were trustworthy, noting that they appeared spontaneous and his descriptions of sexual behavior were consistent with terminology a child would use to describe age-inappropriate sexual experiences. We see nothing erroneous about the trial court's reasoning, and therefore conclude that JDKC's statements from his Care House interview were reliable and support that he was sexually abused by respondent.

MCL 712A.19b(3)(b)(*i*) also requires a reasonable likelihood that abuse will recur if the child is placed in the respondent's home. Here, JDKC's statements showed a pattern of abuse, not merely a single incident. This in turn supports an inference that the abuse would likely continue if the child were returned to respondent's home. Because clear and convincing evidence established that respondent sexually abused JDKC and that the abuse would likely recur if JDKC were placed in respondent's home, the trial court did not clearly err by terminating respondent's parental rights under MCL 712A19b(3)(b)(*i*). "Having concluded that at least one ground for termination existed, we need not consider the additional grounds upon which the trial court based its decision." *In re HRC*, 286 Mich App at 461.

Respondent next argues that the trial court erred by finding that termination of his parental rights was in JDKC's best interests. We disagree. Whether termination of parental rights is in the child's best interests must be proven by a preponderance of the evidence. *In re Moss,* 301 Mich App at 90. We review for clear error a trial court's finding that termination of parental rights is in a child's best interests. *In re Jones,* 286 Mich App 126, 129; 777 NW2d 728 (2009).

"The trial court should weigh all the evidence available to determine [a child's] best interests." *In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014). In *In re White*, this Court provided a nonexhaustive list of factors a court should consider when determining whether termination of parental rights is in a child's best interests, including "the parent's parenting ability, the child's need for permanency, stability and finality," and "the children's well-being while in [the parent's] care." *Id.* at 713-714 (citation and quotation marks omitted).

Here, the trial court found that termination was in the child's best interests because respondent committed severe sexual and physical abuse against him, and so JDKC's safety and well-being could not be reasonably assured in respondent's care. See *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011) (holding that the trial court did not clearly err by finding that termination was in the children's best interests because their "safety and well-being could not reasonably be assured"). The trial court additionally found that respondent discontinued paying his child support obligation and that he was not active in meeting the child's special needs for services and education because of his autism. The court also found that terminating respondent's parental rights would help the child attain stability in his mother's home. Although there was evidence that respondent had a strong bond with JDKC, we conclude that, based on the other evidence—particularly JDKC's allegations of sexual abuse—the trial court did not clearly err in finding that termination of respondent's parental rights was in JDKC's best interests.

Affirmed.

/s/ Michael J. Kelly
/s/ Patrick M. Meter
/s/ Colleen A. O'Brien

-4-