*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re EMERY, Minors.

UNPUBLISHED
May 7, 2019

No. 346313
Wayne Circuit Court
Family Division
LC No. 17-000373-NA

Before: STEPHENS, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor children, PE and SE. We affirm.

The Department of Health and Human Services (DHHS) filed a petition requesting termination of respondent's parental rights at the initial dispositional hearing. Respondent entered a no-contest plea to allegations establishing both the trial court's jurisdiction over the children and the existence of statutory grounds for termination. The petition included allegations that respondent had a prior history with DHHS, that respondent failed to protect one child from sexual assault, and that respondent had recently abandoned both children by leaving them with a person whose full name she did not know and without obtaining that person's contact information so that respondent could live with her husband in a different county. The court conducted a hearing to determine whether termination of respondent's parental rights was in the children's best interests.

At the best-interest hearing, the court heard from several witnesses, including both children, who were 13 and 16 years of age. The court considered the children's preferences, but also considered an evaluation of respondent by the Clinic for Child Study. The court found that the children were ambivalent about having respondent's parental rights terminated, but both were then living in stable placements and neither wanted to return to respondent. The court ultimately found that the following factors supported termination of respondent's parental rights: (1) the likelihood that PE would be adopted by a fictive kin caregiver; (2) respondent's history of abandoning the children; (3) respondent's failure to protect or acknowledge the sexual abuse of one child; (4) respondent's lack of parenting skills; and (5) the alternative homes that were available to the children.

-1-

Respondent argues that the trial court erred by finding that termination of her parental rights was in the children's best interests. We disagree. "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). Whether termination of parental rights is in a child's best interests is determined by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). We review a trial court's best-interest decision for clear error. MCR 3.977(K); *In re Jones*, 286 Mich App 126, 129; 777 NW2d 728 (2009).

In deciding whether termination of parental rights is in a child's best interests, the court may consider a variety of factors, including the child's bond to the parent, the parent's parenting abilities, and the child's need for permanency, stability, and finality. *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012). The court may also consider the advantages of an alternative home for the children. *In re Foster*, 285 Mich App 630, 634-635; 776 NW2d 415 (2009). Further, because the children were old enough to express a preference, it was appropriate for the court to consider their preferences. *In re Medina*, 317 Mich App 219, 238-239; 894 NW2d 653 (2016).

Respondent primarily relies on the children's ambivalence about whether her parental rights should be terminated to support her argument that termination was not in the children's best interests. While the children had difficulty supporting termination because it meant that they may not see respondent, both children were adamant that they did not want to reside with respondent. At the time of the hearing, each child was living in a stable placement. SE, who was 16 years old, was in a stable home with a friend and planned to transition into supervised independent living. PE had an existing relationship with a fictive kin caregiver and there was a possibility that she could be adopted. In contrast, it was apparent from respondent's history that she was unable to provide the children with a safe and stable environment. The court placed great emphasis on the evaluation from the Clinic for Child Study, which concluded that respondent's prognosis for change was poor.

Respondent complains that the trial court did not consider a guardianship arrangement for either child, and further argues that the court should have considered relative placement as an option to avoid termination of her parental rights. A trial court may order a guardianship in a child protection proceeding if it is in the child's best interests. *In re COH*, 495 Mich 184, 208; 848 NW2d 107 (2014); MCL 712A.19c(2). A child's placement with a relative weighs against termination, and therefore, a trial court must consider a child's relative placement in determining whether termination is in a child's best interests. *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010).

A guardianship arrangement for either child was not an option specifically presented to the trial court. Although respondent's attorney argued in favor of placement with fictive kin in lieu of terminating respondent's parental rights, the children's attorney argued that continued contact with respondent would subject the children to continued emotional or psychological

harm. The court noted that the children's ages and the possibility of "relative" placement were factors that weighed against termination.[1] But given respondent's history, a guardianship was not a viable option. Moreover, according to the Clinic for Child Study report, when the children had been placed with relatives in the past, respondent removed the children just as they had begun to adjust to a structured environment. Respondent's past removal of the children from stable placements supported termination of her parental rights. It is clear from respondent's history that she is unable to provide a safe and stable home for the children. Because of the past disruptions of the children's placements, it was critical that they finally achieve some certainty, knowing that they will be able to retain the stable support systems in place to facilitate their transition into adulthood at this point in their lives. The trial court did not clearly err by finding that termination of respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola
/s/ Anica Letica

---

[1] While the trial court correctly observed that placement with a relative must be considered as a factor weighing against termination of parental rights as a matter of law, *In re Mason*, 486 Mich at 164, we note that the children's foster care worker testified that both children were placed with fictive kin, rather than caregivers who qualified as relatives under MCL 712A.13a(1)(j).

-3-