*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re W.W. ELKINS, Minor.

UNPUBLISHED
April 28, 2022

No. 357925
Branch County Circuit Court
Juvenile Division
LC No. 19-005937-NA

Before: SWARTZLE, P.J., and K. F. KELLY and REDFORD, JJ.

K. F. KELLY, J. (*concurring in part and dissenting in part*).

I respectfully dissent from the majority's decision to vacate the trial court's order terminating respondent's parental rights to WE. Because respondent was convicted of fourth-degree criminal sexual conduct and would have been incarcerated for more than two years at the time his rights were terminated, respondent's parental rights were properly terminated under MCL 712A.19b(3)(h) and MCL 712A.19b(3)(m)(*i*). The trial court's misapplication of MCL 712A.19b(3)(c)(i) was, therefore, harmless. Moreover, the trial court's finding that WE would suffer emotional harm if taken from his current caregiver demonstrated by a preponderance of the evidence that termination of respondent's parental rights is in the best interest of WE. See MCL 712A.19b(5). I would, therefore, affirm the trial court's order terminating respondent's rights to WE. I do concur, however, with the majority's decision to retain jurisdiction over the case after remand.

"The trial court's decision that a ground for termination of parental rights has been proved by clear and convincing evidence is reviewed for clear error." *In re Pops*, 315 Mich App 590, 593; 890 NW2d 902 (2016). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). "This Court gives deference to a trial court's special opportunity to judge the weight of the evidence and the credibility of the witnesses who appear before it." *In re TK*, 306 Mich App 698, 710; 859 NW2d 208 (2014). "Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights . . . ." *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011).

If the trial court determines there is a statutory basis to terminate parental rights, it must "also find[] by a preponderance of the evidence that termination is in the best interests of the children" to terminate those rights. *In re Gonzalez/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). "In making its best-interest determination, the trial court may consider the whole record, including evidence introduced by any party." *In re Medina*, 317 Mich App 219, 237; 894 NW2d 653 (2016).

The majority is correct that incarceration alone is not a proper basis to terminate an individual's parental rights. In order to terminate a parent's rights to a child under MCL 712A.19b(3)(h), each of the following elements must be met:

> The parent is imprisoned for such a period that [1] the child will be deprived of a normal home for a period exceeding 2 years, and [2] the parent has not provided for the child's proper care and custody, and [3] there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age. [*In re Mason*, 486 Mich 142, 160-161; 782 NW2d 747 (2010), quoting 712A.19b(3)(h) (alteration in original).]

At the time the termination hearing was held in July 2021, respondent was incarcerated for breaking and entering and fourth-degree criminal sexual conduct. While respondent's earliest release date for those offenses is October 2022, his sentence runs through November 2023. Respondent had no guarantee of obtaining early release. Accordingly, the evidence demonstrated respondent was incarcerated for a period exceeding two years such that WE would be deprived of a normal home. See 712A.19b(3)(h). Respondent admitted to never having any physical contact with WE before incarceration or making any attempt to contact him after incarceration. Nor did respondent ever attempt to provide or make arrangements for WE's care while incarcerated unlike the respondent-father in *Mason*. And respondent offered no concrete plans for employment or other support to enable him to care for WE when he is released from incarceration.

MCL 712A.19b(3)(m)(*i*) also provided a proper basis to terminate respondent's parental rights. Under that subsection, termination is proper if the individual is convicted of an enumerated offense "and the court determines that termination is in the child's best interests because continuing the parent-child relationship with the parent would be harmful to the child." MCL 712A.19b(3)(m)(*i*). There is no dispute that respondent was convicted of the enumerated offense of fourth-degree criminal sexual conduct, MCL 750.520e. Moreover, the trial court found that WE would suffer emotional harm if the parent-child relationship was not terminated because WE demonstrated a strong bond with current caregivers and had no relationship with respondent. It was, therefore, in WE's best interest to remain with the current caregivers to prevent such harm. See *In re Williams*, 333 Mich App 172, 184; 958 NW2d 629 (2020) (concluding, in context of child removal proceedings, that the trial court erred because it "did not appear to consider whether [the child's] removal might be more emotionally traumatic to her than keeping her in respondent's care."). I would conclude, therefore, that any error by the trial court in terminating respondent's rights under MCL 712A.19b(3)(c)(*i*) was harmless because MCL 712A.19b(3)(h) and MCL 712A.19b(3)(m)(*i*) provided proper grounds for termination. See *In re Jones*, 286 Mich App 126, 128-129; 777 NW2d 728 (2009) (trial court's error terminating the respondent's parental rights under MCL 712A.19b(3)(l) was harmless because termination was proper under MCL 712A.19b(3)(m)).

Relatedly, the majority finds error with the trial court's finding that WE would be emotionally harmed if given to respondent's care because there was no evidence that WE would be harmed "based on the conduct or capacity of the child's parent." While I agree that emotional harm resulting from a loss of a bond with a caregiver is not a sufficient factual basis to terminate a parent's rights under MCL 712A.19b(3)(j), the trial court's finding was sufficient to find by a preponderance of the evidence that it was in WE's best interest to terminate respondent's parental rights. The trial court determined that it was in the best interest of WE to have "stability," "permanence," "love," and "security," which respondent, who initially attempted to convince WE's mother to have an abortion, has never provided.

In light of the fact that the record before the trial court provided a sufficient statutory basis to terminate respondent's rights, and the evidence demonstrated it was in WE's best interest to terminate those rights, I would affirm the order of the trial court. I do concur with the majority's decision to retain jurisdiction after remand.

/s/ Kirsten Frank Kelly