*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MCCLELLAND/THOMAS, Minors.

UNPUBLISHED
March 19, 2025
2:44 PM

No. 371123
Sanilac Circuit Court
Family Division
LC No. 23-036620-NA

Before: MALDONADO, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's April 2024 order terminating her parental rights to the two minor children, CM and JT, pursuant to MCL 712A.19b(3)(b)(*i*), (b)(*ii*), and (j). Respondent also challenges the trial court's earlier order, entered in February 2024, assuming jurisdiction over the minor children. We affirm the court's order of adjudication. We also affirm the portion of the circuit court's order determining that at least one statutory ground supported termination. However, we vacate the court's best-interest analysis and remand for further consideration of that issue because the court failed to consider the children's best interests in light of their relative placement.

## I. FACTUAL BACK GROUND

Children's Protective Services began an investigation of this family in February 2023 after CM disclosed to adults at her school that she was sexually abused by respondent's live-in boyfriend, J. Thomas, the biological father of JT.[1] Petitioner, the Department of Health and Human Services (DHHS), sought termination of respondent's parental rights at the initial disposition primarily alleging a failure to protect her children from Thomas's physical and sexual abuse. During the adjudicative phase, a jury found that the evidence supported statutory grounds to exercise jurisdiction over the children. On the basis of the jury's verdict, the court assumed

---

[1] Both of the children's biological fathers relinquished their parental rights and are not parties to this appeal.

jurisdiction over CM and JT under MCL 712A.2(b)(1) and (2). Later, the trial court found that clear and convincing evidence supported grounds for termination of respondent's parental rights and that termination was in the children's best interests. Respondent now appeals, arguing that the trial court erred by (1) assuming jurisdiction over the children; (2) finding statutory grounds; and (3) determining termination was in the children's best interests.

## II. ANALYSIS

## A. JURISDICTION

Respondent contends that DHHS failed to present sufficient evidence to support the jury's verdict finding jurisdiction. We disagree.

Recently, in *In re Sluiter*, ____ Mich App ____, ____; ____ NW3d ____ (2024) (Docket No. 368266); slip op at 10-11, this Court discussed the standard of review for challenges to adjudications done by jury trial. The Court, looking to criminal law principles, held:

> Accordingly, where a respondent-parent appeals and challenges the sufficiency of the evidence in a child-neglect case where adjudication was done by jury trial, we apply the following standard of review as modified from [*People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018)]:
>
> > In determining whether sufficient evidence exists to sustain a jury's verdict finding jurisdiction in a child-neglect proceeding, this Court reviews the evidence in the light most favorable to the petitioner, and considers whether there was sufficient evidence to justify a rational trier of fact in finding jurisdiction by a preponderance of the evidence. Because this review is deferential, a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. And it "is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). [*In re Sluiter*, ____Mich App at ____; slip op at 12.]

Applying the foregoing principles, we conclude that because the jury's verdict was supported by a preponderance of the evidence, the trial court did not err when it assumed jurisdiction over the minor children under MCL 712A.2(b)(1) and (2).

"Child protective proceedings are generally divided into two phases: the adjudicative and the dispositional." *In re Brock*, 442 Mich 101, 108; 499 NW2d 752 (1993). The adjudicative phase determines whether the trial court may exercise jurisdiction over the children. *Id*. To establish jurisdiction, the petitioner must prove by a preponderance of the evidence that a statutory basis exists under MCL 712A.2(b). *Id*. at 108-109. A "preponderance of the evidence" means evidence of a proposition that when weighed against the evidence opposed to the proposition "has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008).

MCL 712A.2(b), in pertinent part, provides that a court has jurisdiction over a child in either of the following circumstances:

(1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship. . . .

(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in.

DHHS petitioned the court to take jurisdiction over both children based on the theory that respondent failed to protect CM from physical and sexual abuse and that she failed to protect JT from physical abuse. In both cases, the suspected perpetrator was respondent's live-in partner of four years, Thomas. After reviewing the record, it is clear that DHHS presented sufficient evidence during the trial to permit the jury to conclude that the statutory grounds to assume jurisdiction were established by a preponderance of the evidence.

There was ample evidence in the record to support the jury's verdict and the trial court's assumption of jurisdiction under MCL 712A.2(b)(1) and (2), specifically, that respondent failed to provide proper care and the home was unfit. Respondent conceded that Thomas sexually abused CM on more than one occasion. Even without this concession, the testimony overwhelmingly supported this finding. CM described the manner of abuse, digital penetration, using terminology appropriate to her age.[2] There was also testimony that she remained consistent in her recounting of the events. Further, Thomas pleaded guilty to two counts of criminal sexual conduct (one count of second-degree and one count of third-degree) for which he was sentenced to 150 to 270 months' imprisonment.

There was also sufficient evidence for the jury to conclude that respondent was aware of the sexual abuse yet failed to protect CM from the abuse. CM testified that she called Thomas "dad" and considered him a stepparent; he had lived with them for as long as she could remember. CM testified about three acts of sexual abuse occurring in 2021 or 2022. She further testified that after each event, she told respondent of the abuse and respondent accused CM of lying. Even after she told her mother about the sexual abuse, CM testified, Thomas continued to live with them which made CM feel "really sad." By contrast, respondent testified that she did not learn of the sexual abuse until the night before CM was forensically interviewed. CM testified that, before that forensic interview, respondent told her that she wanted Thomas back and she wanted CM to lie about the abuse. Thus, a question of fact existed regarding what respondent knew and when she knew it. However, viewing the evidence in the light most favorable to DHHS, the jury could

_____

[2] CM disclosed the sexual abuse when she was 10 years old. CM testified that Thomas "took his two fingers and put it where my private was." His fingers went "inside" of her, which hurt, and she was scared.

have reasonably concluded that respondent knew of the sexual abuse at a time when she could have intervened to prevent additional abuse. It is apparent that the jury found CM to be the more credible witness. This determination must be given deference. As this Court recognized in *In re Sluiter*, ___ Mich App at ___; slip op at 14, "it was for the jury to determine the credibility of the witness and what weight, if any, to put on that testimony."

There was also sufficient evidence from which the jury could conclude that respondent failed to protect JT and CM from Thomas's physical abuse. Respondent admitted to the CPS investigator that when Thomas became angry with her, he would hold JT tightly—squeezing him so hard that he would start crying, and not give JT to her. Respondent further admitted that she did not do anything to protect JT from this abuse because Thomas was angry. Respondent's own statements establish that she failed to protect JT from being physically abused by his father. In addition, CM testified that when Thomas was angry he would "squeeze" JT so hard that JT would start crying and Thomas would pull respondent's hair. CM further testified that during a hair-pulling event, Thomas kicked her when she tried to go to the neighbor's for help. CM also testified that she had gone to the neighbors "a lot of times" looking for help. Viewing this evidence in the light most favorable to DHHS, a preponderance of the evidence supported a finding that respondent exposed the children to domestic violence and failed to protect them from the related physical abuse.

In summary, considering the record evidence, a jury could conclude that JT was physically abused by Thomas, CM was physically and sexually abused by Thomas, and that respondent had an opportunity to prevent the abuse, but failed to do so. Accordingly, there was sufficient evidence to enable the jury to find a statutory basis for jurisdiction by a preponderance of the evidence. Thus, the trial court did not err when, based on the jury's verdict, it found statutory grounds to assume jurisdiction over the children under MCL 712A.2(b)(1) and (2).

## B. STATUTORY GROUNDS

Respondent also argues that the trial court erred when it found statutory grounds to terminate her parental rights. We disagree. To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination has been established by clear and convincing evidence. *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000). This Court reviews the trial court's findings under the clearly erroneous standard. MCR 3.977(K). A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been committed. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010), citing *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

The trial court terminated respondent's parental rights to her two children under MCL 712A.19b(3)(b)(*i*), (b)(*ii*) and (j), which permit termination of parental rights under the following circumstances:

(b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

(*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

-4-

(*ii*) The parent who had the opportunity to prevent the physical injury or physical or sexual abuse failed to do so and the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home.

\* \* \*

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if the child is returned to the home of the parent.

After reviewing the record, we conclude that the trial court did not clearly err when it terminated respondent's parental rights under at least two of these grounds—MCL 712A.19b(3)(b)(*ii*) and (j).

Because the petition sought termination of respondent's parental rights at the initial disposition, the trial court was permitted to consider both the evidence that was introduced at the trial and the evidence presented at the dispositional hearing in determining whether there existed clear and convincing evidence of a statutory ground to terminate respondent's parental rights. See MCR 3.977(E)(3). Although the evidence presented to the jury satisfied the standard to exercise jurisdiction over the children, this same body of evidence met the more demanding evidentiary standard of clear and convincing. That is, there was clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*ii*) and (j); however, because the record evidence does not establish that respondent's own "act caused the physical injury or physical or sexual abuse," the trial court erred in relying on MCL 712A.19b(3)(b)(*i*) as a ground for termination. Such error was harmless, though, because termination is proper when at least one statutory ground exists. See *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009); *In re Powers Minors*, 244 Mich App 111, 118; 624 NW2d 472 (2000).

As discussed above in Part II.A., it is undisputed that CM was sexually assaulted by Thomas. Further, there was clear and convincing evidence from which the court could infer that respondent was aware of the abuse yet failed to take any action to protect her child from further harm. Indeed, CM testified that after she told respondent about the sexual abuse, not only did respondent accuse her of lying, Thomas continued to live in their home and respondent told CM to lie to the authorities about being sexually assaulted. During the adjudicative phase it was clear to discern, based on the verdict, that the jury found CM's testimony credible. No speculation or conjecture is needed concerning the dispositional phase. The trial court specifically stated when rendering its opinion that it found CM to be a credible witness. It is well established that this Court defers to "the special ability of the trial court to judge the credibility of witnesses." *In re Medina*, 317 Mich App 219, 227; 894 NW2d 653 (2016) (quotation marks and citation omitted).

Respondent argues that the statutory grounds relied on by the court required clear and convincing evidence that the children would be harmed in the foreseeable future. Respondent then suggests that the harm has been eliminated because the perpetrator of the abuse was in prison and would be for a minimum of 12½ years. However, respondent's argument does not consider the totality of the record. The most compelling evidence that respondent would be unwilling or unable to protect her children from known risks of harm in the future was her continued insistence, despite compelling evidence to the contrary, that she did nothing wrong. In addition, respondent's serious

past failure to protect her children showed a concerning lack of insight, awareness, or judgment necessary to protect a child from harm. Further, there was testimony that respondent's cognitive deficits, mental health issues, and lack of suitable housing would preclude her from safely parenting her children.

In summary, at the time of termination, respondent was not in a position to protect or safely provide for her children if they were returned to her care. Further, there was clear and convincing evidence that she would be unable to protect them in the future. Accordingly, the trial court did not clearly err when it found clear and convincing evidence to terminate respondent's parental rights to the children under MCL 712A.19b(3)(b)(*ii*) and (j).

## C. BEST INTERESTS

Respondent argues that the trial court erred when it found that termination was in the children's best interests because the court failed to consider the interest of each child separately and because the court failed to explicitly consider the children's placement with their maternal cousin. This Court reviews for clear error a trial court's finding that termination of parental rights is in a child's best interests. *In re Jones*, 286 Mich App 126, 129; 777 NW2d 728 (2009). We conclude that the trial court erred to the extent it found that terminating respondent's parental rights was in the children's best interests without first considering their relative placement.

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). When considering whether termination of parental rights is in a child's best interests, a court may consider a variety of factors. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). These factors include the bond between the child and the parent, the parent's ability to parent the child, the child's need for permanency and stability, the advantages of a foster home over the parent's home, the parent's compliance with the case service plan, the parent's visitation history with the child, the child's well-being, and the possibility of adoption. *Id*. at 713-714. In addition, the trial court should consider the child's safety and well-being, including the risk of harm a child might face if returned to the parent's care. See *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011). The court may also consider psychological evaluations, the child's age, continued involvement in domestic violence, and a parent's history. *In re Jones*, 286 Mich App 126, 131; 777 NW2d 728 (2009).

"The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App at 713. The court's focus must be on the child and not the parent. *In re Moss*, 301 Mich App 76, 87; 836 NW2d 182 (2013). Particularly relevant to this case, when more than one child is involved, a trial court must consider each child's best interests separately. *In re Olive/Metts Minors*, 297 Mich App 35, 42; 823 NW2d 144 (2012). A trial court need not, however, make "individual" and "redundant factual findings" if the children's interests do not significantly differ. *In re White*, 303 Mich App at 715-716.

Additionally, because "a child's placement with relatives weighs against termination under MCL 712A.19a(6)(a)," the fact that a child is living with relative when the case proceeds to termination is a factor to be considered when determining whether termination is in a child's best

interests. *In re Olive/Metts*, 297 Mich App at 43 (quotation marks and citation omitted). Moreover, "[a] trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *Id.*, citing *In re Mays*, 490 Mich 993, 994; 807 NW2d 307 (2012) and *In re Mason*, 486 Mich at 163-165.

In this case, the trial court failed to explicitly address the children's relative placement as required by *In re Olive/Metts*. Testimony at the termination hearing established that the children had been living with a relative, a maternal cousin and his wife, for approximately a year and these individuals were willing to adopt the children. In addition, the parties referenced the relative placement in their closing arguments. Yet, in its oral ruling, the trial court failed to explicitly address this issue. A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with a relative renders the factual record inadequate to make a best-interest determination. *In re Olive/Metts*, 297 Mich App at 43. Thus, a remand to the trial court is necessary so it may address the issue and render a new finding regarding the children's best interests. See *id*. Accordingly, we vacate the trial court's best-interests determination and remand to that court to promptly consider the issue of the children's placement with a relative in the context of its best-interests analysis, making findings of fact that are conducive to appellate review and in accordance with *In re Olive/Metts*.

DHHS argues that because the children were similarly situated despite their age gap, the trial court was not required to address the fact that the children were placed with relatives. This is incorrect and DHHS's proposition is not supported by any legal authority. Indeed, DHHS appears to conflate two legal principles to reach a faulty conclusion. As indicated above, this Court held in *In re Olive/Metts*, 297 Mich App at 43, that the fact that a child is in the care of a relative is an "explicit factor" to be considered when determining whether termination is in a child's best interests. Then, in *In re White*, 303 Mich App at 715-716, the Court recognized that when children are similarly situated, it is not necessary for the court to explicitly address the best interests of each child individually, particularly when it would yield redundant factual findings concerning each child's best interests. Neither one of these cases support DHHS's proposition that when children are similarly situated, the court is not required to explicitly consider the fact that the children are in relative placement when determining the children's best interests. Indeed, the decisions in *In re Olive/Metts*, *In re White*, and their progeny specifically refute such a conclusion.

Lastly, respondent also takes issue with the trial court's failure to consider the children's best interests individually. But it is only when "the best interests of the individual children *significantly* differ" that the trial court must address the children's best interests separately. *White*, 303 Mich App at 715. On this record, the trial court did not err in failing to address the children individually. The primary reasoning for the court's ruling was a finding that the children would be at risk of harm if returned to respondent's care, and this factor was equally applicable to both children. Therefore it was not necessary for the court to address each child's best interests separately.

We affirm the jury's verdict finding that the trial court had jurisdiction over the children and the trial court's corresponding order of adjudication. We affirm the portion of the trial court's order determining that at least one statutory ground supported termination of respondent's parental

rights.  We vacate the trial court's best-interests determination and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.


/s/ Allie Greenleaf Maldonado
/s/ Anica Letica
/s/ Randy J. Wallace